Catharine McGuire *et al.*

*v.*

James H. Gilbert, for use, etc.

*Opinion filed June 17, 1899.*

1. Appeals and errors—*when not error to proceed to trial though record shows no issue.* Proceeding to trial over defendant's objection that the cause is not at issue is not reversible error, though the record fails to show that the demurrer to the last plea had been ruled upon, where the record is amended at the same term, upon proper notice, to show that such demurrer was in fact sustained and that there was no further plea on file, and it does not appear that defendant was ignorant of the facts or misled to his injury.

2. Same—*motion for new trial does not bring up rulings not excepted to.* An exception to the court's order denying a motion for new trial preserves for review, on appeal, only such rulings of the court during trial as have been excepted to and which have not been acquiesced in.

3. Same—*damages for prosecuting appeal for delay—when not allowed.* Damages will not be allowed on the claim of defendant in error that the writ was prosecuted for delay and that the grounds thereof were frivolous, where, though no reversible error appears, the proceeding in the trial court was irregular and not to be approved.

*McGuire* v. *Gilbert*, 80 Ill. App. 235, affirmed.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

Albert H. Meads, and M. H. Hoey, for plaintiffs in error.

Moran, Kraus & Mayer, for defendant in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Defendant in error brought his action in the circuit court of Cook county against plaintiffs in error in debt on a replevin bond given by them to him as sheriff, and judgment was entered in that court in his favor for $5000

debt, the penalty of the bond, to be satisfied on payment of $2030 damages assessed by a jury, with interest and costs. The record was removed by plaintiffs in error to the Appellate Court, where the judgment was affirmed, and the record is brought here for further review.

The first complaint made is, that the trial court proceeded to trial before an issue was formed. When the case was called for trial the attorneys for defendants made the objection that the case was not at issue, and the objection was overruled. The defendants had first pleaded *nil debet*, and a demurrer had been sustained to that plea. Afterward, on November 25, 1896, they filed an additional plea, to which a demurrer was sustained April 17, 1897. Again on April 24, 1897, they filed another plea, which was demurred to, and the demurrer was sustained June 12, 1897, as shown by the minutes of the judge who heard the demurrer, but the clerk, in entering the order of record, entered it as sustaining the demurrer to the plea of November 25, 1896, to which a demurrer had been sustained before the last plea or demurrer was filed. It appears from the bill of exceptions that when the objection was made at the time the case was called for trial there was a dispute between the attorneys as to the order of June 12, 1897, and plaintiff's attorneys claimed that there was an error in entering it as sustaining the demurrer to the plea filed November 25, 1896, instead of the one filed April 24, 1897. The record imported verity, and it was improper to proceed to a trial before it was amended, but subsequently, and during the same term, it was amended, upon proper notice, in accordance with the judge's minutes, so as to speak the truth and to show that there was no plea on file on the part of the defendants at the time of the trial. While the record should have been amended before the trial, we do not think that defendants were prejudiced by the action of the court so as to require a reversal of the judgment. The demurrer had in fact been sustained, and it does not appear that

defendant's counsel were ignorant of the truth or were misled in any way to their injury.

The second complaint is, that the trial court erred in refusing to allow defendants to offer evidence as to the value of the property mentioned in the writ of replevin and *retorno habendo.* The court refused to permit the introduction of such evidence, but no exception was taken to the ruling of the court, and we will therefore not consider or review the decision excluding it. It is insisted that the exception to the order denying the motion for a new trial is sufficient for that purpose, but that is a misapprehension. That motion only brings up rulings to which exceptions have been taken and which have not been acquiesced in.

The third complaint is, that the trial court erred in amending its record so as to show that the jury was empaneled to assess the plaintiff's damages, and not to try the issue as shown by the record when first written. Defendants moved to set aside this order of amendment, and in support of their motion offered affidavits that no notice was given, and a rule of the court requiring notice unless they were in default. At that time the record had been properly amended showing that they were in default, and they were not entitled, under the rule, to notice of this further and subsequent amendment. Besides, they had knowledge of the action of the court in time to move to set aside the order, and did not lose any right.

Counsel for defendant in error ask for an allowance of damages on the ground that the writ is prosecuted simply for delay and that the complaints are frivolous. The motion will be denied. The proceeding in the trial court was irregular and is not approved, and while we find no sufficient cause for reversing the judgment, it can not be said that the writ is prosecuted merely for delay.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*