## BEUCHERT v. THE STATE.

[No. 20,579.   Filed November 28, 1905.]

1. INDICTMENT AND INFORMATION.—*Knowingly Receiving Stolen Goods.—How Charged.*—It is not necessary in an indictment for knowingly receiving stolen goods to charge the name of the thief nor that the thief's name is unknown to the grand jury.  p. 524.

2. TRIAL.—*Instructions.—Knowingly Receiving Stolen Goods.—Receiving from Thief's Vendee.*—It is not error to refuse to instruct that defendant can not be convicted of knowingly receiving stolen goods where the evidence shows that he received same from the thief's vendee unless the circumstances were such as to connect defendant with such thief, where all of the evidence showed that the one from whom he obtained the goods was the thief.  p. 524.

3. SAME. — *Instructions. — Receiving Stolen Goods.* — It is not erroneous to refuse to instruct that the State must prove the nonconsent of each person of a corporation authorized to buy and sell its goods and materials, in a prosecution against defendant for knowingly receiving the stolen steel bars and steel butts of such corporation, since the nonconsent of those authorized to sell the specific goods is all that the State need prove.  p. 526.

4. EVIDENCE.—*Receiving Stolen Goods.—Proof of Similar Crimes.—Guilty Knowledge.*—On a charge of knowingly receiving stolen goods, evidence that defendant had stolen watches in his possession, six months prior to his arrest on such charge, is admissible as inferentially tending to show guilty knowledge.  p. 527.

5. TRIAL.—*Instructions.*—*Felony.*—*Age of Defendant.*—*Failure to State in Verdict.*—An instruction that if the jury can not determine the age of the defendant it would not harm the verdict to omit the age is correct.  p. 528.

6. APPEAL AND ERROR.—*Weighing Evidence.*—Where there is some evidence tending to support the verdict, it will not be disturbed.  p. 529.

From Criminal Court of Marion County (34,659); *Fremont Alford,* Judge.

Prosecution by the State of Indiana against Fred Beuchert. From a judgment of conviction, defendant appeals. *Affirmed.*

*Salem D. Clark,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

HADLEY, J.—Appellant was convicted upon an indictment charging him with receiving goods known to have been stolen. He moved to quash the indictment on the ground that it failed to charge the name of the thief, or that his name was to the grand jury unknown. The court overruled the motion, and this action is assigned as error. The question is decided adversely to appellant's contention in *Semon* v. *State* (1902), 158 Ind. 55.

The overruling of his motion for a new trial is also complained of. Under this assignment appellant first challenges the action of the court in refusing to give to the jury proposition number one, requested by him, which is composed of a literal quotation from the opinion of this court in *Foster* v. *State* (1886), 106 Ind. 272, 277, and which is in these words: "I instruct you that 'To render the offense of receiving stolen goods possible, the goods must retain their stolen character at the time the party charged received them. If, therefore, the goods have been transferred from the thief to a guilty receiver, the latter takes as a receiver, and not as a thief. * * * In his hands, the character of the goods is de-

rived from his offense, and not from the offense of the person who stole them, so that one who receives such goods from him, however wickedly, is not guilty of receiving stolen goods within either the common law, or statutory definition of that offense, unless such second or subsequent receiver receives the goods under circumstances which connect him with the thief.' " To avoid confusing a jury by directing their minds to subjects not involved in the case, it has become a fixed rule in this jurisdiction that instructions given the jury must be relevant to the issues and applicable to the evidence. *Reed* v. *State* (1895), 141 Ind. 116, 122; *Robinson* v. *State* (1899), 152 Ind. 304, 307; *Hanes* v. *State* (1900), 155 Ind. 112, 117. The Attorney-General argues that the instruction called in question was properly refused, because in violation of the rule here stated.

A careful examination of the record discloses that there. was some evidence tending to show that. Tim McCarty, more than once, had stolen iron or steel from the Bates Forge Company. McCarty was a witness, and at the time of testifying was under a jail sentence for petit larceny. He knew and saw the appellant every day, and was in an alley when appellant drove in and bought from one Brooks certain steel bars that looked like those in controversy. McCarty explained his presence in the alley by saying he was always around the saloon. He did not know Brooks; did not know where he lived, and had never seen him before or since. He assisted in loading the bars into appellant's wagon, and received a small sum of money from Brooks therefor. Appellant denied that he ever bought any bars from Brooks, or that he knew such a man. There is absolutely no evidence showing, or tending to show, that McCarty received the bars from the alleged Brooks, or that the alleged Brooks had received them from the thief, but all the evidence adduced concerning the ownership of the property and the felonious taking pointed to McCarty as the thief. It thus becomes plain that the instruction requested

was not applicable to any evidence in the case, and for this reason was properly refused by the court.

Further complaint is made of the court in refusing to give appellant's request number two. It reads as follows: "The nonconsent to the taking of the steel bars and steel butts in question in this case is a material element in this trial. The burden is upon the State to prove nonconsent to the taking, and if you find from the evidence that the steel bars and steel butts in question in this case were the property of a corporation, and if you further find from the evidence that there were more persons in charge of the corporation who had power to buy and sell goods and material for and belonging to the corporation, other than the president of said corporation, then I instruct you that the State has not sufficiently proved the nonconsent to the taking of the steel bars and steel butts in question in this case until it has proved the nonconsent of each and every person in charge of such corporation having power to buy and sell goods and material for and belonging to said corporation." Whatever might be said of this proposition if brought within proper limits, concerning which, however, we intimate no opinion, it is very clear that it must be condemned in its present form. The request is probably broader than its author intended. Its giving would have advised the jury, in substance, that if they found that persons, other than the president, were authorized by the corporation to buy and sell its goods and material, then they should find that the want of consent to the taking of the bars and butts was not sufficiently shown until the State had proved the nonconsent of each and every person that was authorized by such corporation to buy and sell goods, not these particular goods, but any goods and material, belonging to said corporation. This language would embrace every sales officer and agent of the corporation, within or without the State, whether he had or had not authority to sell the particular goods in controversy.

In the next place, instruction number nine, given by the court of its own motion, is challenged. It in substance informed the jury that the court had permitted the State to introduce evidence tending to show that certain watches were found in the appellant's safe in 1904, and also evidence touching the felonious taking and stealing of said watches by some one prior to the time they were alleged to have been found in appellant's safe. This evidence was admitted, not to prove that the defendant stole the watches, or that he feloniously received them from the thief, but solely for the purpose hereafter indicated. If the jury should be satisfied that the steel bars described in the indictment were feloniously stolen as charged, and were the property of the Bates Forge Company, and that the defendant did buy and receive said bars, then it became necessary for them to determine whether the defendant knew, when he received them, that they were stolen as charged in the indictment, and in determining this question it was proper for them to consider the evidence concerning the alleged stolen watches in arriving at a decision whether the defendant had guilty knowledge when he received the steel bars, if he did receive them, and the evidence should be considered for no other purpose. The instruction was applicable to certain evidence to the effect that police officers, while engaged in executing a search warrant of the defendant's premises, about six months before his arrest on this indictment, found in his safe in his place of business five or six watches, gold and silver, and divers articles of jewelry. Three witnesses, each identifying a different watch as his property, testified that the same had been previously stolen from him by some person unknown.

Judges are not well agreed, but this court, and what seems to be the decided weight of authority, have approved the doctrine that in trials for receiving stolen goods evidence

tending to prove that other stolen goods were found in the possession of the defendant at the time, or prior to the receiving complained of, is competent to be considered with all the other evidence in the case on the question of guilty knowledge. The doctrine seems to rest upon the ground that when it is satisfactorily shown that the accused had in his possession other stolen goods, the fact would reasonably support some inference, slight probably, but strengthened or weakened according as the proof, time, number of instances, and other circumstances will justify, that the accused, when he received the goods in controversy, had knowledge of their larcenous character. *Goodman* v. *State* (1895), 141 Ind. 35; *Devoto* v. *Commonwealth* (1861), 60 Ky. (3 Metc.) 417; *People* v. *Rando* (1857), 3 Park. Crim. (N. Y.) 335; *State* v. *Crawford* (1893), 39 S. C. 343, 17 S. E. 799; *Shriedley* v. *State* (1872), 23 Ohio St. 130; *Morgan* v. *State* (1892), 31 Tex. Cr. 1, 18 S. W. 647; *Commonwealth* v. *Grief* (1894) (Ky.), 27 S. W. 814; *Rex* v. *Dunn* (1826), 1 Mood. C. C. 143; 1 Wharton, Crim. Law (10th ed.), §983; *Higgins* v. *State* (1901), 157 Ind. 57, and authorities therein collated on this and kindred questions. Guilty knowledge may be proved by direct evidence, or by any surrounding facts from which it may be inferred. Gillett, Crim. Law (2d ed.), §558.

Appellant also assails instruction number twelve, given by the court, for advising the jury that if they could not determine the age of the defendant from his appearance or other evidence, it would not harm the verdict if they left the age blank. The charge is in line with the rulings from this court. *Boone* v. *State* (1903), 160 Ind. 678; *Colip* v. *State* (1899), 153 Ind. 584, 74 Am. St. 322.

Exception was reserved to the admission of testimony relating to appellant's possession of other goods alleged to have been stolen. The objection rested upon the same grounds

as the objection to instruction number nine, and having seen that the instruction was proper it follows that the evidence to which it related was properly received.

It is also insisted that the judgment is not sustained by sufficient evidence, and is contrary to law. The claim that nonconsent is insufficiently proved because it is not shown as to all persons having 6. authority to sell the goods in question can not be sustained. Mr. Bates testified that the Bates Forge Company was a corporation; that he was its president, superintendent and general manager, and Mr. Rubin was secretary and treasurer. He identified the twenty steel bars in controversy as property belonging to the Bates Forge Company, and stated they were worth $1.60 each, and that they were taken by some party unknown, without his knowledge or consent. The cross-examination then proceeds: "Who buys iron when you are not there? A. There is no one there that has anything to do with the management, except myself. Is there anybody there that has anything to do with the buying and selling of iron? A. Mr. Rubin and myself jointly. He does the writing, and consequently he often writes the orders." This special inquiry, to which our attention is invited, is directed to those having authority to buy and sell iron only. There is not to be found in the record a syllable of testimony tending to prove that any other person than Mr. Bates had general authority to buy and sell goods for the corporation, or had authority to sell steel bars such as those here involved.

We find no error. Judgment affirmed.