## · SMITH v. STATE OF INDIANA.

### [No. 23,457. Filed February 11, 1919.]

1. CRIMINAL LAW.—*Deferred Sentence.—Loss of Jurisdiction.*—Where a defendant was sentenced after two full court terms had elapsed and more than nine months after pleading guilty and seven months after his release from serving a sentence on a conviction of another offense during which time he was not in the custody of the court, the sheriff, or sureties, no cause for the delay being shown, the court had no jurisdiction to impose sentence, in view of §§202, 290, 295, Acts 1905 p. 584, §§2073, 2166, 2171 Burns 1914, providing for sentence unless there be cause for delay, or for placing the defendant in custody of the sheriff. (*Ledgerwood* v. *State*, 134 Ind. 81, distinguished.) p. 66.

2. CRIMINAL LAW.—*Sentence.—Rights of Defendant on Plea of Guilty.*—Where the defendant has pleaded guilty he need not require the court to perform its duty of pronouncing sentence in order to protect himself from the court's failure to act. p. 68.

3. CRIMINAL LAW.—*Deferring Sentence.—When Permissible.*—Courts may defer sentence to a subsequent day or term when justice demands it or for cause shown. p. 69.

4. CRIMINAL LAW.—*Review.—Delayed Sentence.—Presumption.*—Where the record is silent as to the reason for the postponement of sentence upon a plea of guilty, the Supreme Court will not presume that the postponement was justifiable. p. 69.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Romeo Smith. On the overruling of motions to vacate and to modify the judgment of conviction, rendered on a plea of guilty, the defendant appeals. *Reversed.*

· *George W. Cromer* and *Harry Long,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

MYERS, J.—On January 10, 1918, appellant was sentenced to pay a fine of $250, and to imprisonment on the Indiana State Farm for a period of six months. On

January 28, 1918, appellant filed his verified motion to set aside and vacate said judgment, which motion was overruled February 1, 1918; thereupon he filed his verified motion to modify the judgment. This motion was overruled.. From the judgment thus rendered appellant has appealed to this court, and has assigned as error: (1) The overruling of his motion to set aside and vacate the judgment; (2) the overruling of his motion to modify the judgment.

Counter-affidavits were filed by the Honorable William A. Thompson and the deputy sheriff of Delaware county denying certain statements of fact contained in appellant's motion to vacate the judgment. The facts thus questioned, we will not undertake to settle. With these facts out of the way, this case is before us under practically an agreed statement as follows: Two indictments were returned by the grand jury at the January term, 1917, of the Delaware Circuit Court, one on January 6, and one on January 16, hereafter referred to as the first and second respectively. On March 19, 1917, appellant appeared in the Delaware Circuit Court, and before the Honorable William A. Thompson, sole judge thereof, and entered a plea of guilty to each of said indictments. He was then permitted to go hence on bond for his appearance in that court on May 22, 1917. He appeared in court as stipulated in the bond, and before the judge thereof, who then and there on appellant's plea of guilty, theretofore entered to the first indictment, pronounced judgment and sentence fixing a fine of $250 and imprisonment on the Indiana State Farm for a period of three months. Appellant paid the fine and costs assessed against him, and was imprisoned in accordance with the sentence imposed. The term of his imprisonment expired on August 22, 1917, at which time he was released and then and there

returned to his home in Muncie, Indiana, where he has continuously resided, and within the jurisdiction of the Delaware Circuit Court.

No action whatever was taken by the court on appellant's plea of guilty to the second indictment prior to January 10, 1918, at which time, on order of the

1. court, the sheriff of Delaware county brought appellant into court and judgment was then and there rendered against him on his plea of guilty entered more than nine months prior thereto, and more than seven months after the time of his sentence on the first indictment. Appellant was forty-eight years old at the time he pleaded guilty, and from the time of his release from the state farm he was not in the custody of the court or sureties until said January 10. There is no claim of any attempt on the part of the court to follow the provisions of §§2174, 2176 Burns 1914, Acts 1907 p. 447, §§1, 3, known as the parol or suspending sentence statute.

Appellant insists that under this state of the record, the Delaware Circuit Court had no authority or jurisdiction to pronounce judgment or sentence him on January 10, 1918.

Section 2166 Burns 1914, Acts 1905 p. 584, §290, of our Criminal Code provides that: "After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." And §2171 Burns 1914, Acts 1905 p. 584, §295, provides that: "If no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it shall thereupon be rendered." Under §2073 Burns 1914, Acts 1905 p. 584, §202, "If the accused plead guilty, said plea shall be entered on the minutes, and he shall be sentenced, or he may he placed in the custody of the sheriff until sentenced." The remainder of this section has reference

to an accused under the age of twenty-one years, and can have no bearing on the question here for decision.

The state has called our attention to the case of *Gray* v. *State* (1886), 107 Ind. 177, 8 N. E. 16. That case holds that any agreement to compound, discontinue or delay a prosecution, is forbidden by the statute, and is illegal and void. It also reaffirmed the doctrine announced in the case of *Smith* v. *Hess* (1884), 91 Ind. 424, to the effect that the trial court under the provisions of §2073, *supra,* had no power to permit the accused to depart from court without sentence, subject to arrest in case he did not behave well. The ruling thus made is in harmony with the holding of this court in *Shaffer* v. *State* (1885), 100 Ind. 365. In this last case there was an order-book entry showing that the sentence was suspended. A motion to discharge the accused on the ground that the order suspending sentence amounted to a judgment which was not subject to change or amendment was overruled, and the defendant sentenced. This action of the court was upheld for the reason that it did not appear from the record that the judgment was unnecessarily delayed. In the Smith case this court said: "The legitimate inference from the statute is that the Legislature, in its enactment, did not intend that the courts should allow adult offenders to go on good behavior. Without deciding what might be the result of such a practice, upon a proper case made, and properly brought before us, we may say that, as at present advised, we do not feel like giving our sanction to that practice."

The case of *Ledgerwood* v. *State* (1893), 134 Ind. 81, 33 N. E. 631, is cited by the state in support of its contention that the trial court did not lose jurisdiction to punish appellant on his plea of guilty. That case holds that the court's failure to render judgment, after a plea of guilty, until the next term, will not divest its

jurisdiction. By reference to the record in that case, it will be observed that the defendant was at all times after his arrest in the custody of the court. The reason for the postponement does not appear in the opinion, but the record shows just cause. This fact would be sufficient to distinguish it from the case at bar, for in this case no cause is shown for the delay of two full terms between the term at which the plea of guilty was entered and the term at which the sentence now under consideration was pronounced.

There is no reason or authority for saying that an accused must not only do what the law requires of him, but that he must go farther and compel the court to perform a plain statutory duty, if he would protect himself from the motives of the court's failure to act. As said in the case of *People* v. *Kennedy* (1885), 58 Mich. 372, 25 N. W. 318: "The defendant, even after conviction, has some rights that a court is bound to respect, and is entitled to have his liberty as soon as the limit of the law, reasonably administered, will permit." In the case of *In re Flint* (1903), 25 Utah 338, 71 Pac. 531, 95 Am. St. 853, the court in its opinion, after recognizing the right to defer sentence from time to time for a proper purpose said: "But we know of no rule or principle of law whereby a court can indefinitely suspend sentence, keep the defendant in a state of suspense and uncertainty, and, long after he has been discharged from custody, have him rearrested, and impose a sentence of either fine or imprisonment on him." In *Grundel* v. *People* (1905), 33 Colo. 191, 79 Pac. 1022, 108 Am. St. 75, the order entry of the trial court at the August term fixed no definite time within which sentence should be pronounced. "The defendants were released upon their own recognizance. Whether or not they would ever be called to the bar for sentence was contingent upon the action of the

prosecuting officer." More than three years elapsed before any action was taken, when, over the objection of the defendant, judgment was rendered and sentence imposed. The court held that "In the absence of a permissive statute, the indefinite postponement of sentence upon one convicted of crime deprives the court of jurisdiction to pronounce sentence at a subsequent term. Such postponement is, in effect, a discharge of the prisoner, and therefore ousts the court after the expiration of the term of further authority over him.—*People* v. *Allen,* 155 Ill. 61; *Commonwealth* v. *Maloney,* 145 Mass. 205; 25 Enc. Law (2d ed.), 314; *In re Flint* (Utah), 71 Pac. 531; *Weaver* v. *People,* 33 Mich. 296; *People* v. *Barrett,* 202 Ill. 287; *U. S.* v. *Wilson,* 46 Fed. 748."

The rule is fairly well settled that courts may defer temporarily final action upon a plea of guilty or upon a conviction to a subsequent day or term, when it

3. appears that the interest of justice demands it or as said "for cause shown," and cause is shown when time is allowed the accused to move for a new trial, or in arrest of judgment, or to take other steps involving delay allowed by statute, or the practice of the court, or for the purpose of hearing evidence on the question of punishment. *Smith* v. *Hess, supra; State* v. *Ray* (1879), 50 Iowa 520; *People* v. *Kennedy, supra; People* v. *Felker* (1886), 61 Mich. 110, 27 N. W. 869; *State* v. *Watson* (1888), 95 Mo. 411, 8 S. W. 383.

The Attorney-General insists that, inasmuch as all presumptions must be indulged in favor of the action of the trial court, and the record being silent as

4. to reasons for postponing sentence, this court must assume that the delay was justifiable. We cannot agree with this contention. In this case no record was made other than the entry of appellant's plea of guilty. This case must be decided upon the record which shows affirmatively the facts which we have

heretofore recited. Sections of the statute to which we have referred furnish the rule adopted by the general assembly of this state for the guidance of courts in cases of conviction or upon pleas of guilty. The fact that no order-book entry was made, or agreement entered into whereby sentence was to be postponed, will not be sufficient to overcome the facts disclosed by this record. If there had been a final judgment accompanied by an order suspending sentence to which no objection was made, we would have an entirely different question. *State* v. *Smith* (1909), 173 Ind. 388, 90 N. E. 607. As bearing upon the question before us for consideration, see *State* v. *Hockett* (1907), 129 Mo. App. 639, 108 S. W. 599; *Ex Parte United States* (1916), 242 U. S. 27, 37 Sup. Ct. 72, Ann. Cas. 1917B 355; *In re Peterson* (1911), 19 Idaho 433, 113 Pac. 729, 35 L. R. A. (N. S.) 1067; *Republic of Hawaii* v. *Pedro* (1898), 11 Hawaiian 287.

Judgment reversed, with instruction to the Delaware Circuit Court to sustain appellant's motion to vacate the judgment, and that the appellant be discharged.

NOTE.—Reported in 121 N. E. 829. Postponement of sentence, 132 Am. St. 644, 12 Cyc 969.