## WARNER *v.* STATE OF INDIANA.

### [No. 24,254.   Filed April 1, 1924.]

1.  COURTS.—*Correction of Records.—Inherent Power.*—A court
    has inherent power to correct errors in its records of a case,
    to make them speak the truth, and where the clerk's entry
    showed that a defendant was arraigned and pleaded not guilty,
    a trial was had and the finding taken under advisement, the
    court may change the record to show that the defendant pleaded
    guilty, and an entry to that effect made by the court upon the
    back of the indictment at the time the plea was made, is suffi-
    cient support for such change.   p. 428.

2.  COURTS.—*Correction of Records.—Inherent Power.—Time.*—
    The court may correct its records at any time while a cause
    is *in fieri*, and prior to rendering judgment or decree, and may
    act solely upon its own knowledge and without notice to either
    party.   p. 429.

3.  CRIMINAL LAW.—*Judgment upon Plea of Guilty.—Finding not
    Necessary.*—Upon a plea of guilty it is not error for the
    court to enter a judgment without a finding of guilty.   p. 429.

4.  CRIMINAL LAW.—*Judgment.—Delay in Rendering.*—Defend-
    ant entered a plea of guilty of grand larceny, and pending the
    entry of judgment and sentence was released upon his own
    recognizance for nearly a year and a half; *held*, that the court
    had lost jurisdiction to enter judgment against defendant by
    such delay in view of §2073 Burns 1914, Acts 1905 p. 584, §202,
    requiring that the accused shall be sentenced upon his plea
    of guilty or be placed in the custody of the sheriff until
    sentenced, and §2150 providing that upon a plea of guilty the
    court shall assess the amount of fine and fix the punishment.
    p. 430.

5.  COURTS.—*Entry of Judgment.—Right to Delay.*—A court has
    not the inherent power, nor is it authorized by statute, to in-
    definitely suspend passing sentence, by releasing a defendant
    who has pleaded guilty of a crime, upon his own recognizance,
    and delay pronouncing judgment and sentence unduly, without
    reasonable excuse for delay, and the court thereby loses its
    jurisdiction.   p. 431.

From Marion Criminal Court (51,974); *James A.
Collins,* Judge.

Henry C. Warner was convicted of grand larceny, and
he appeals.   *Reversed.*

*Clyde P. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant brings this appeal from a judgment which imposed a fine and imprisonment, upon his plea of guilty to the charge by indictment of grand larceny.

April 8, 1921, the indictment which charged appellant with grand larceny was returned in open court. April 23, 1921, appellant waived arraignment. The order-book entry made by the clerk of the court of the proceedings in relation to arraignment was to the effect that appellant waived arraignment and pleaded not guilty, which was followed by trial by the court, at which evidence was heard, and that the finding was taken under advisement by the court. May 11, 1921, the next order-book entry was that the defendant be released on his own recognizance pending the further order of the court. The defendant remained at large until October 2, 1922, when he was produced in court by the sheriff under the order of the court. At this time the original order-book entries in the cause were changed (by erasure and interlineation), by the order of the court, and were made to read that upon arraignment the defendant entered a plea of guilty, and the finding was taken under advisement. And the part of the order which recited a plea of not guilty, that a trial was had, and evidence heard, was erased. The court thereupon rendered judgment without making a finding of guilty, which judgment was that the defendant be fined and committed to the state prison. The defendant thereupon filed a motion to require the clerk to reinstate on the order-book and the clerk's docket all matter erased therefrom or changed by him, and that the orig-

inal entries therein made be reinstated, and that the judgment of fine and imprisonment be vacated and set aside and all process stayed thereunder. Motions for a new trial and arrest of judgment then followed respectively. All of said motions were overruled.

The issues involve the action of the trial court: (1) in changing the order of the court as recorded in the order book; (2) rendering judgment without a finding having been made upon the defendant's plea of guilty; (3) and in adjudging that the defendant pay a fine and be committed to the state prison, after having been released on his own recognizance for nearly a year and a half before judgment upon the plea of guilty.

Upon being brought before the court October 2, 1922, for sentence, defendant objected for the reason that

1. the records as made by the clerk of the action of the court showed, that on April 23, 1921, he was arraigned, waived arraignment, and pleaded not guilty, that a trial was had and evidence heard, and the finding taken under advisement; and that the court had no power or authority to change such record, charging that the change was not supported by any written note or memorandum which would dispute the truth of the order as made. An examination of the record shows that appellant is incorrect. The court based this action in changing the record upon an entry made by him upon the back of the indictment at the time appellant was arraigned and pleaded thereto, and that such entry was that appellant pleaded guilty, from which it is plain that the orders entered by the clerk in the order book were at variance with, and contrary to, the minute made by the judge of the court on the back of the indictment at the time of arraignment. A court has the inherent power to correct the errors in its records of a case, to make such records speak the truth or to be in accord with the actual facts of the case. *Moerecke* v. *Bryan*

(1915), 183 Ind. 509, 108 N. E. 948; *Pere Marquette R. Co.* v. *Strange* (1908), 171 Ind. 160, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. (N. S.) 1041; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 76 N. E. 529; *Johnson* v. *Gebhauer* (1902), 159 Ind. 271, 64 N. E. 855; *Knowlton* v. *Dolan* (1898), 151 Ind. 79, 51 N. E. 97; *Suloj* v. *Retlaw Mines Co.* (1914), 57 Ind. App. 302, 107 N. E. 18; *Pursley* v. *Wickle* (1892), 4 Ind. App. 382, 30 N. E. 1115; 15 C. J. 975.

Such a correction of its records by the court may be made at any time while a cause is *in fieri*, and prior to rendering judgment or decree. *Boonville Nat.*

2. *Bank* v. *Blakey, supra.* The correction may be made upon motion and notice to the opposite party, but the power to act is not limited to a move by either party; the court by virtue of its inherent right has the power to correct the records of its actions by supplying omitted entries and correcting erroneous ones, acting solely upon its own knowledge and without notice to either party. *Moercke* v. *Bryan, supra; Gilman* v. *Libbey* (1878), 4 Cliff. (U. S.) 447; *McGuire* v. *Gilbert* (1899), 180 Ill. 96, 54 N. E. 167. The action of the court in changing its record was not error.

Upon a plea of guilty it is not error for the court to enter judgment upon the plea without a finding of guilty upon the plea of guilty. It has been held by this

3. court that the trial court has nothing to do upon a plea of guilty but to fix the amount of punishment and render judgment or sentence accordingly, for the reason that the defendant by his confession of guilt makes a finding unnecessary. This is but following the rule practised at common law. Upon reason a judgment must first have something upon which to rest, either upon a finding by the court or upon a verdict of a jury. A plea of guilty, according to authorities, has been held sufficient foundation upon which to rest

a judgment.    4 Blackstone's Commentaries 329; *Griffith* v. *State* (1871), 36 Ind. 406.    The judgment was not erroneous following and being based upon a plea of guilty, instead of following and being based upon the finding of guilty by the court.

The case turns upon the proposition that the court erred in entering judgment and sentencing defendant and in overruling appellant's motion to stay process because of the lapse of time between the plea of guilty and the time of sentence, defendant having been released upon his own recognizance pending further order of the court, during all of the time intervening.    It is earnestly contended by reason of this lapse of time that the court lost jurisdiction of the defendant, and the judgment entered against him was erroneous and void.    It will be noted that the trial court had not rendered judgment or sentenced defendant upon his plea of guilty, from which we conclude, the record being silent, that the court did not suspend the sentence and parole the defendant under §§2174-2176 Burns 1914, Acts 1907 p. 447, Acts 1909 p. 434, as amended by Acts 1919, ch. 234, p. 843, §2174 Burns' Supp. 1921.    Under the common law and early practise generally in the jurisdictions of the states the trial court was not confined closely as to time when judgment was to be pronounced, either upon a plea of guilty or upon finding of verdict of guilty, but might withhold rendering judgment.    Even under statute, this court has held that the trial court may withhold sentence until a time certain for a definite and valid reason.    But in the face of the statute which requires that the accused shall be sentenced upon his plea of guilty, or be placed in the custody of the sheriff until sentenced, the sentence and rendition of judgment may not be prolonged for an indefinite and uncertain period of time.    That part of §2073 Burns 1914, Acts 1905 p. 584, §202, ap-

plicable to this case, is: "If the accused plead guilty, said plea shall be entered on the minutes, and he shall be sentenced, or he may be placed in the custody of the sheriff until sentenced;" and under §2150 Burns 1914, Acts 1905 p. 584, §274: "* * * where the plea is guilty * * *, the court, * * * shall assess the amount of fine and fix the punishment to be inflicted."

It may be presumed from a consideration of the record of the trial court that the order of May 11, 1921, releasing defendant upon his own recognizance pending further order of court, was an attempt on the part of the court to indefinitely suspend passing sentence upon the plea of guilty. The result of such an action by the court is that the court may upon its own motion put upon probation an accused after plea of guilty, for an indefinite time for any cause which seems just in the mind of the court, which is not disclosed and is without expression in its orders. Such power is not inherent in the court, neither was it granted by the statutes concerning suspending sentences and parole.

Under the statutes of our own state, and as pronounced by the decisions of the appellate courts generally, the rule is well settled that it is the duty of the court upon a plea of guilty or upon a finding or verdict of guilty, to impose sentence at that time unless there is reasonable excuse for delay, which delay must be for a time certain for a definite recognized legal purpose, and that an indefinite postponement of rendering judgment or pronouncing sentence will deprive the court of jurisdiction of the person of the defendant, from which it follows that a subsequent sentence is void. *Smith* v. *State* (1919), 188 Ind. 64, 121 N. E. 829, 3 A. L. R. 999; *Gray* v. *State* (1886), 107 Ind. 177, 8 N. E. 16; *Shaffer* v. *State* (1885), 100 Ind. 365; *Smith* v. *Hess, Sheriff* (1884), 91 Ind. 424; *People* v. *Allen*

(1895), 155 Ill. 61, 39 N. E. 568, 41 L. R. A. 473; *Commonwealth* v. *Maloney* (1887), 145 Mass. 205, 13 N. E. 482; 25 Am. & Eng. Enc. of Law (2d ed.) 314; *Weaver* v. *People* (1876), 33 Mich. 296, 2 Am. Crim. Rep. 552; *People* v. *Barrett* (1903), 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. 230; *United States* v. *Wilson* (1891), (C. C.) 46 Fed. 748; *State, ex rel.,* v. *Sapp* (1912), 87 Kans. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; *People* v. *Kennedy* (1885), 58 Mich. 372, 25 N. W. 318; *Grundel* v. *People* (1905), 33 Colo. 191, 79 Pac. 1022, 108 Am. St. 75; *State* v. *Hockett* (1908), 129 Mo. App. 639, 108 S. W. 599.

The record in the case at bar is silent as to any excuse for the extraordinary delay to render judgment upon the defendant's plea of guilty. The state contends that the presumption should be indulged in favor of the action of the court in presuming that the postponement of the rendering of judgment was for a cause justifiable, and distinguishes the case of *Smith* v. *State, supra,* from the one at bar, for the reason that in the former the defendant was permitted to go at large without bond, and in the case at bar the defendant was at all times in the custody of the court because he was released on his own recognizance.

It has properly been held in some jurisdictions and in the opinion of this court, that even though the defendant upon his plea of guilty was permitted his liberty under recognizance, this was insufficient to maintain the jurisdiction of the court over an uncertain, long period of time before rendering judgment, and by such unwarrantable delay the court lost its jurisdiction, from which it follows that the point made by the state is not well taken. *Grundel* v. *People, supra; Commonwealth* v. *Maloney, supra; People* v. *Barrett, supra; People* v. *Kennedy, supra,* wherein the defendant under

order of court entered into recognizance to appear on a day certain for the imposing of the sentence.

There is no apparent reason in the case at bar for the delay in rendering judgment, except such as might exist secretly in the mind of the court. Such action by the court works a loss of jurisdiction over the accused, and a subsequent sentence is without judicial authority. *People* v. *Allen, supra.*

It is therefore held that the trial court by such delay in rendering judgment lost jurisdiction over the defendant, and that the rendering of judgment upon the plea of guilty was erroneous, for which reason the judgment is reversed, and the defendant is ordered to be discharged.

The warden of the Indiana State Prison is directed to release appellant, Henry C. Warner, from custody.