## McLaughlin v. State of Indiana.

[No. 26,172. Filed November 19, 1934. Rehearing denied February 18, 1935.]

*David R. Wilkinson,* for appellant.

*Philip Lutz, Jr.*, Attorney-General, and *Ralph E. Hanna*, Deputy Attorney-General, for the State.

HUGHES, C. J.—This was a prosecution by the State of Indiana against the appellant, Virgil McLaughlin, upon an affidavit charging appellant with the unlawful possession of a still and distilling apparatus.

The appellant was arraigned and plead not guilty. There was a jury trial, and he was found guilty on June 19, 1930, and judgment was rendered on October 30, 1931, sentencing appellant to the Indiana State Prison for a period of not less than one nor more than five years and a fine of $100.00.

Appellant filed a motion to set aside and vacate the judgment which was overruled, and an exception was taken. Appellant contends that the court lost jurisdiction of the case, because of the unreasonable delay in pronouncing judgment and therefore the judgment is void.

The appellant assigns six reasons for reversal: The first being that the court erred in rendering judgment in this cause on October 30, 1931, and the second being that the court erred in overruling appellant's motion to set aside and vacate the judgment in this cause. The other four reasons allege that the court erred in overruling the appellant's motion to strike out certain affidavits filed by the State, and in refusing to strike out the objections or answer of the State to the motion to vacate the judgment.

There are two questions presented in this case for this court to decide. The first is whether or not the court that tried this cause, the Delaware circuit court, lost jurisdiction over the appellant prior to the date of the judgment, October 30, 1931, by reason of the lapse of time between the verdict of the jury and the judgment. The second question is whether or not the trial court properly admitted the State's written objections

to appellant's motion to set aside and vacate the judgment, and the affidavits and oral evidence in support of the State's objections.

The record shows that the verdict of the jury, finding the defendant guilty, was returned on June 19, 1930, and that judgment was rendered upon the ▆ verdict on October 30, 1931, more than sixteen months after the verdict of guilty was returned. The motion for a new trial was filed on July 17, 1930, and was overruled on October 30, 1931, the same day judgment was entered.

It is the contention of the appellant that the trial court lost jurisdiction to pronounce judgment in this case because of the unreasonable delay and there being no justifiable excuse for the delay.

> Section 2333, Burns 1926, §9-2201, Burns 1933, §2318, Baldwin's 1934, provides: "After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment."
>
> Section 2338, Burns 1926, §9-2206, Burns 1933, §2323, Baldwin's 1934, provides: "If no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it shall thereupon be recorded."

Unless there was a justifiable excuse for the delay in rendering judgment the court lost jurisdiction to render the same. Does the record in the instant case show a justifiable cause for the delay? The appellee contends that the delay was justifiable because the appellant asked permission to file briefs on his motion for a new trial. From a close examination of the evidence of Van L. Ogle, attorney for appellant and the questions asked by the court and the answers thereto, we think it is fairly established that the appellant by his attorney asked time in which to file a brief on his motion for a new trial and that the delay in the ruling on the

motion for a new trial was at the invitation of appellant. That being true it can not be said that there was no justifiable reason for the court's delay in entering judgment.

It is clear from the sections of the statutes, *supra,* that judgment shall be pronounced without delay upon the finding or verdict unless sufficient cause appears for the delay. If however, the party complaining has invited the delay, he has nothing upon which to base any right to avoid the judgment. *Varish* v. *State* (1928), 200 Ind. 358, 163 N. E. 513; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775. And in the instant case, the appellant, as shown by the evidence, having invited the delay he can not avoid the judgment by reason of the delay.

If, as in the instant case a defendant is found guilty and files a motion for a new trial and then asks for time to file a brief within a reasonable time, the law will not permit him to avoid the judgment on the ground that the court lost jurisdiction of the case because of the unreasonable delay in pronouncing judgment. Courts should be prompt in pronouncing judgment after a finding or verdict of guilty if there is no sufficient cause for delay. However, as said in the case of *Smith* v. *State* (1919), 188 Ind. 64, 69, 121 N. E. 829:

". . . cause is shown when time is allowed the accused to move for a new trial, or in arrest of judgment, or to take other steps involving delay allowed by statute, or the practice of the court, . . ."

In the instant case, we think there was sufficient cause shown for the delay in pronouncing judgment.

The case of *Warner* v. *State* (1923), 194 Ind. 426, 143 N. E. 288, is cited to the effect that delay in pronouncing judgment must be for a time certain. We do

not construe this to mean that the time must be fixed for a certain day, month, or year. When time is given to prepare and file a brief in the case, we think the time is sufficiently certain.

The court did not commit error in overruling the motion of appellant to strike out the answers and objections of the State to the vacation of the judgment, nor to the overruling of the motion to strike out the affidavits of certain persons presented on the motion to vacate. *Varish* v. *State, supra.*

Judgment affirmed.