SMELTZER v. STATE OF INDIANA.

[No. 30,137. Filed October 4, 1962. Rehearing denied
December 17, 1962.]

*Bloom & Bloom,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *William D. Ruckelshaus,* Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was charged and convicted of receiving stolen goods. On his motion for new trial, appellant asserted, and here assigns as cause for appeal that: (1) The court erred in permitting a witness to testify regarding previous dealings between the witness and defendant in stolen merchandise not described in the affidavit; and (2) the finding of the court was not sustained by sufficient evidence.

Appellant here also asserts for the first time that the trial court committed reversible error in that, immediately upon overruling the motion for new trial, the court did not sentence the appellant nor did it fix a date certain for such sentencing but, instead, deferred such sentencing pending the report of a written precommitment investigation by a probation officer.

We will consider the alleged errors in the order above presented:

*One*: The court properly admitted evidence regarding previous dealings in stolen merchandise be-

tween the witness and appellant, not for the purpose of proving or disproving the specific allegations of the affidavit itself, but for the purpose of showing knowledge and intent on the part of appellant with respect to the transaction with which he is presently charged in the affidavit. *Beuchert* v. *State* (1905), 165 Ind. 523, 76 N. E. 111. See: 105 A. L. R. 1288.

*Two*: We next consider appellant's contention that there is not sufficient evidence that appellant received the goods with guilty knowledge. The question of the sufficiency of evidence to show knowledge in the crime of receiving stolen goods has twice been considered by this court in the last three years. *Fletcher* v. *State* (1961), 241 Ind. 409, 172 N. E. 2d 853, 857; *Dobson* v. *State* (1959), 239 Ind. 673, 677, 158 N. E. 2d 455.

> "The question of whether the accused had knowledge or reason to infer that the goods were stolen is a matter for the judge or jury to determine in light of all the facts and circumstances surrounding the receipt or purchase. 76 C. J. S. Receiving Stolen Goods §20, p. 50. This court has repeatedly held that knowledge on the part of the accused that the property received was stolen may be proved or inferred from the circumstances. . . ."

The fact that appellant had on prior occasions received stolen goods from the same person is one such circumstance in this case. Other facts are as follows: A store was broken into on April 19, 1960, and a black Zenith TV set worth $200 was stolen by the witness, James Donreco Anderson, who took the property directly from the scene of the robbery to the Manhattan Club, a bar owned by appellant Smeltzer. He told appellant he had a TV set

for him. Appellant replied: "OK," and "I have taken too many already." Appellant then paid the witness $50, which was the same price he had paid for other sets previously stolen and sold to the appellant. The witness told appellant that he had stolen this TV. Appellant asked the witness if the law had trailed him and he stated "they" had not. Also, another witness, named Davis, who participated in the theft, substantiated the testimony of witness Anderson in nearly every detail.

Under the principles laid down in the *Fletcher* case, *supra,* the evidence was clearly sufficient to sustain a finding that appellant had knowledge that the particular goods with which he is here charged with receiving were stolen.

Finally appellant here asserts as cause for discharge that the trial court lost jurisdiction over both the subject matter of the action and the person of the appellant, by reason of the fact that the court failed to pronounce judgment upon appellant, either immediately upon overruling the motion for new trial or he failed to fix a definite time for sentencing thereafter.[1]

The above contention is based upon the following factual situation: The court found the defendant guilty of the offense of receiving stolen goods on April 18, 1961. On the same date the cause was referred by the court to the chief adult probation officer for his presentence investigation. Thereafter, on May 12, 1961, appellant filed his motion for new trial, which motion was overruled on June 12, 1961. On June 29, the chief adult probation officer filed his report of his

---

1. The parties have not presented the question as to whether or not this issue was timely presented. We have, therefore, considered the issue upon its merits.

presentence investigation. On the same day, the judge entered judgment upon the finding of guilty, entered sentence accordingly, and ordered the defendant committed for a period of one to ten years' imprisonment.

In support of this argument, appellant relies first upon the statute which provides:

"After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." Acts 1905, ch. 169, §290, p. 584 [§9-2201, Burns' 1956 Repl.].

Furthermore, in support of his contention, appellant relies upon the cases of *Stevens* v. *State* (1949), 227 Ind. 417, 422-423, 86 N. E. 84, and *Warner* v. *State* (1924), 194 Ind. 426, 143 N. E. 288, as construing the above statute to hold that:

" '[I]t is the duty of the court upon a plea of guilty or upon a finding or verdict of guilty, to impose sentence at that time unless there is a reasonable excuse for delay, *which delay must be for a time certain* for a definite recognized legal purpose, and that an indefinite postponement of rendering judgment or pronouncing sentence will deprive the court of jurisdiction of the person of the defendant, from which it follows that a subsequent sentence is void.' ... *Warner* v. *State*, 194 Ind. 426, 431, 143 N. E. 288. See also *Smith* v. *State* (1919), 188 Ind. 64, 121 N. E. 829" [Our italics.] *Stevens* v. *State, supra,* pp. 422-423.

Notwithstanding the above quoted statement, an analysis of both the Stevens and Warner cases, *supra,* discloses that neither are controlling of the issue therein alluded to and now before us. In neither of those cases was the decision therein based upon the fact that the court, in postponing sentence following the

verdict of guilty or plea of guilty, did not at that time fix "a certain time" for the rendition of sentence. Rather, in both cases, the issue involved was related to the *justification of the delay* in passing sentence.

The statement in the Stevens case, *supra*, that a delay in the imposing of sentence following the verdict "must be for a time certain" was not within the issues decided in that case and is mere dicta. Furthermore, in contradiction of the appellant's contention, in the Stevens case itself this court stated:

> "The above quoted portion of *Warner* v. *State, supra*, has been broadened and explained by subsequent decisions of this court. It has been held that the trial court has the right to delay the rendition of judgment against a defendant found guilty of a criminal charge until the time that the motion for a new trial is overruled, as until that time the court retains jurisdiction. *Headlee* v. *State* (1929), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433. . . . Later, it was decided by this court that delay for a time certain, after a finding of guilty, *does not mean that the time must be fixed for a certain day, month or year;* therefore, when a defendant's attorney requested and was granted a reasonable time in which to file a brief on his motion for a new trial, the delay in pronouncing sentence until the time the motion for new trial was ruled on was due to this request, at the invitation of the defendant, and such an extension was sufficiently certain. *McLaughlin* v. *State* (1934), 207 Ind. 484, 192 N. E. 753." [Our italics.]

Likewise, an examination of the *Warner* case, *supra*, discloses that the decision is not based upon a rule that delay in the pronouncement of judgment "must be for a time certain." Although the phrase quoted above is used in the Warner case, the decision in that case was based upon the fact that a court has not the inherent power, nor is it authorized by

statute, to *indefinitely* suspend passing sentence. Accordingly, the court held that by releasing upon his own recognizance, a defendant who has pleaded guilty of a crime, and by delaying pronouncement of judgment and sentence for a year and one-half, without reasonable excuse for delay, the court thereby lost its jurisdiction.[2]

Present confusion in the law arises from the fact that in the *Warner* case, *supra*, and thereafter in the *Stevens* case, *supra*, this court misquoted the rule as stated in the case of *Smith* v. *State* (1919), 188 Ind. 64, 69, 121 N. E. 829, 3 A. L. R. 999. In that case this court stated the rule was follows:

"The rule is fairly well settled that courts may defer temporarily final action upon a plea of

2. The Warner case was decided upon the facts and propositions as follows:

"The issues involve the action of the trial court: . . . (3) . . . in adjudging that the defendant pay a fine and be committed to the state prison, after having been released on his own recognizance for nearly a year and a half before judgment upon the plea of guilty.

. . .

"It may be presumed from a consideration of the record of the trial court that the order of May 11, 1921, releasing defendant upon his own recognizance pending further order of court, was an attempt on the part of the court to indefinitely suspend passing sentence upon the plea of guilty. The result of such an action by the court is that the court may upon its own motion put upon probation an accused after plea of guilty, for an indefinite time for any cause which seems just in the mind of the court, which is not disclosed and is without expression in its orders. Such power is not inherent in the court, neither was it granted by the statutes concerning suspending sentences and parole.

. . .

"The record in the case at bar is silent as to any excuse for the extraordinary delay to render judgment upon the defendant's plea of guilty. . . .

. . . .

"There is no apparent reason in the case at bar for the delay in rendering judgment, except such as might exist secretly in the mind of the court. Such action by the court works a loss of jurisdiction over the accused, and a subsequent sentence is without judicial authority." *Warner* v. *State* (1924), 194 Ind. 426, 428, 431, 432, 433, 143 N. E. 84.

> guilty or upon a conviction to a subsequent day or term, when it appears that the interest of justice demands it or as said 'for cause shown,' and cause is shown when time is allowed the accused to move for a new trial, or in arrest of judgment, or to take other steps involving delay allowed by statute, or the practice of the court, or for the purpose of hearing evidence on the question of punishment. *Smith* v. *Hess, supra* [(1884), 91 Ind. 424]; *State* v. *Ray* (1879), 50 Iowa 520; *People* v. *Kennedy, supra* [(1885), 58 Mich. 372, 25 N. W. 318]; *People* v. *Felker* (1886), 61 Mich. 110, 27 N. W. 869; *State* v. *Watson* (1888), 95 Mo. 411, 8 S. W. 383."

*Nowhere* in the *Smith* case, *supra,* did this court state that if there is a delay in the pronouncement of sentence, such delay must be "for a time certain" as authority for such a rule of law.

Thus, in summation of the case law upon the subject, we note first, that statements contained in the *Stevens* and *Warner* cases, *supra,* with reference to the postponement of sentence "for a time certain" erroneously cite the *Smith* case, *supra,* as authority for such a rule of law; secondly, that such statements are mere dicta and not necessary to the decision in either the Stevens or Warner cases, and, third, that the rule purportedly thus announced in said cases was, in fact, disapproved in the case of *McLaughlin* v. *State* (1935), 207 Ind. 484, 192 N. E. 753.[3]

We reaffirmed the rule enunciated in the early case of *Smith* v. *State, supra* [188 Ind. 64, 69], which stated

3. In *McLaughlin* v. *State* (1935), 207 Ind. 484, 487-488, 192 N. E. 753, the court noted that in *Warner* v. *State* (1924), 194 Ind. 426, 431, 143 N. E. 288, it was stated that delay in pronouncing judgment must be "for a time certain." With respect to this statement, the court in McLaughlin stated: *"We do not construe this to mean that the time must be fixed for a certain day, month, or year. . . ."* [Our italics.]

the general rule that "courts may defer temporarily final action upon a plea of guilty or upon a conviction to a subsequent day or term, when it appears that the interest of justice demands it, or as said 'for cause shown,' . . ."

Although it would have been proper, and even desirable, for the court to have noted in his order book the reason for the delay in passing sentence, such failure was not fatal. As conceded by the appellant, postponement of sentence was made mandatory under Acts 1959, ch. 264, §2, p. 632 [§9-2252, Burns' 1961 Cum. Supp.], until such time as "a written precommitment investigation report, prepared by a probation officer, is presented to and considered by the sentencing court. . . ." The temporary and mandatory delay for the purpose of such investigation was for a limited time and purpose, and was such as "the interest of justice demands" and is "for cause shown," within the rule announced in the *Smith* case, *supra*. It did not constitute an indefinite *postponement* or suspension of sentence, within the term as used in any of the cases which have come to our attention.

Judgment is, therefore, affirmed.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 185 N. E. 2d 428.