SAMUEL S. MCMINOWAY ET AL. *v.* STATE OF INDIANA.

[No. 473S64. Filed April 18, 1973.]

*James D. Williams,* of Corydon, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

## ON PETITION TO TRANSFER

PRENTICE, J.—This case is before us on a petition to transfer from the Court of Appeals, First District, the decision and opinion of said Court having been filed on June 6, 1972 and reported at 283 N. E. 2d 553. Rehearing was denied August 4, 1972.

Transfer is hereby granted and said decision of the Court of Appeals, First District, affirming the trial court, is now set aside. The decision of the trial court is hereby affirmed.

Defendants (Appellants) were convicted of Second Degree Burglary in a trial by jury and sentenced accordingly. Six issues are presented on this appeal, as follows:

(1) Sufficiency of the evidence. A summary of the evidence, viewed most favorably to the State, shows that Indiana State Police Trooper, Burch, noticed an automobile parked off the highway near the entrance to the Corydon Country Club at about 4:30 a.m. After determining the make, color and license number of the automobile, he drove across a bridge and up a hill to the club house. There he saw two men, one with a green sport shirt, the other with a two-tone blue striped shirt, standing in front of the club house. The two men fled into the foggy night. Trooper Burch returned to the highway, called for help, and returned to the club house to determine if it had been burlgarized. Upon seeing a door standing open, he again returned to the highway and found that the aforementioned automobile was gone. Less than thirty minutes later, that automobile, and the defendants, who matched the aforesaid description, were stopped while exiting from Highway I-64 in New Albany. State's Exhibits 1, 2 and 3 were taken from them.

Officer Burch testified:

"Q. And there is no question in your mind that these two men could have been the men standing and running from the Country Club?
A. No question in my mind but what Mr. McMinoway was the man standing away from the club, and Mr. Stout the man that ran."

Additionally, both defendants at the time of their arrest, were wet from the knees down. It was in evidence that there was a creek approximately two feet in depth between the club house and the point where Trooper Burch had noticed the automobile parked, and it would have been necessary for the

men observed by the Trooper to have waded across said creek in fleeing from the club house to the parked vehicle.

We hold that the foregoing evidence was sufficient upon the issue of identifying the defendants as the persons who burglarized the club house.

We will not, on appeal, weigh the evidence nor determine the credibility of witnesses, and when the sufficiency of the evidence is raised as an issue upon appeal, we will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

(2) A hiatus in the chain of custody of the State's Exhibits. After their arrest by the New Albany police, the defendants' possessions were taken from them and placed in three paper bags. These bags were locked in the detectives' office and subsequently given to Trooper Burch, who in turn had them placed in a safe in the Harrison County Jail until the time of trial. The chain of custody question arose with respect to certain New Albany police officers having locked the evidence in an office, whereas it was removed therefrom by other officers.

"* * * We feel that the location of the bag during the days in question has been sufficiently accounted for. A mere possibility that the evidence could have been tampered with will not make it totally objectionable. Therefore the verdict will not be reversed on the basis of the admissibility of these exhibits." *Kolb* v. *State* (1972), 258 Ind. 469, 282 N. E. 2d 541. We find nothing about the foregoing circumstances to render them suspect.

(3) The admission into evidence, over objection of the defendants, of a lady's wristwatch shown to have been in the Country Club cash register prior to the burglary and being among the items taken from the defendants upon their arrest, but not shown to have been the property of the Country Club. The underlying felony alleged in the charge of burglary in this case was a larceny, which is an offense against the possession of property and not necessarily against ownership thereof. *Gregory* v. *State* (1973), 259 Ind. 652, 291 N. E. 2d 67; *Sneed, Lockridge* v. *State* (1956), 235 Ind. 198, 130 N. E. 2d 32; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27.

(4) Irregularities not objected to at trial. These errors have been characterized as a "multitude of irregularities occurring at the trial" to the extent of depriving the defendants of their basic constitutional rights. The basis of this allegation, for the most part, rests upon evidence allegedly tainted by conjecture, being leading, irrelevant, hearsay and damaging to the defendants. The attorney presenting this appeal did not participate in the trial of the cause. Nevertheless, he may not here present error not objected to at the trial. *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376.

(5) Sentencing of the defendant by the trial court without having first entered judgment. In this connection, the defendant cities the following statutes and rules:

"IC 35-1-44-1, Sec. 9-2201, Burns Indiana Statutes, reads as follows:

'*When judgment pronounced.*—After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment.'

IC 35-1-44-5, Sec. 9-2205, Burns Indiana Statutes, reads as follows:

'When the defendant appears for judgment he must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he have any legal

cause to show why judgment should not be pronounced upon him.'

IC 35-1-44-6, Sec. 9-2206, Burns Indiana Statutes, reads as follows:

'If no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it shall therefore be rendered.'

Trial Rule 58 of the Indiana Rules of Trial Procedure provides as follows:

### 'ENTRY OF JUDGMENT

Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter it. A judgment may be set forth on a separate document. Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course. The judge failing promptly to cause judgment to be prepared, signed and entered as provided herein may be compelled to do so by mandate.' "

Defendants maintain that the question was timely raised in the trial court by a motion to revoke sentence and discharge the defendants, the alleged basis for the discharge being the passage of time. The Court of Appeals responded that Trial Rule 58 would be repugnant to the statutes which the defendants rely upon, thus treating the issue as being that the trial court had not entered judgment at the proper time, whereas it was contended by the defendants, made more pointed by the brief for transfer than by the brief on appeal, that there had never been a judgment, i.e., there still was no judgment, but that the defendants were sentenced without judgment. The Court of Appeals, therefore, addressed its opinion to the justification in the delay in sentencing and, as contended by defendants, did not write upon the question raised.

Defendants cite a number of cases requiring discharge of the defendant, after a verdict of guilty, because of improper

delay in the entry of judgment. *Smith* v. *State* (1918), 188 Ind. 64, 121 N. E. 829; *Varish* v. *State* (1928), 200 Ind. 358, 163 N. E. 513; *McLaughlin* v. *State* (1934), 207 Ind. 484, 192 N. E. 753; *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N. E. 2d 428. The fallacy of the defendants' argument, however, is that it treats "judgment" and "sentence" as two separate and distinct steps in the post-conviction procedure and the entry of "judgment" as being a prerequisite to the pronouncement of "sentence." A review of the cases cited by the defendants, as well as others, discloses no basis for this. Acknowledging that the terms are frequently used indiscriminately and loosely, from the cases reviewed, they appear to be synonymous within the context of criminal law. It is to be noted that in the statutes cited, the word "judgment" is used in reference to the decree following the verdict, and that no mention of "sentence" or "sentencing" is made. In Burns § 9-1203, which is that part of the same Act of 1905 as Burns § 9-2205, 2206 which deals with guilty pleas, the act of the court following the entry of the plea is referred to as "sentenced" (sentencing), while no mention is made of a "judgment." We, therefore, are of the opinion that the terms are synonymous within this context and that the decree sentencing the defendants is a "judgment" within the meaning of Burns § 9-2205.

In this connection, we also refer to Criminal Rule 11, which requires that the court shall sentence a defendant convicted in a criminal case on a plea of guilty within thirty (30) days of the *finding or verdict of guilty*. It is to be noted that no reference is made to a "judgment."

(6) Admission of evidence not sufficiently connected with the crime to be relevant thereto. In their petition for transfer, defendants have also complained that the Court of Appeals failed to write upon an issue arising from the admission of certain evidence. We agree that the procedure in this regard was unique and that the evidence, if properly objected to, should have been excluded. Numerous small articles, con-

sisting of, among other items, coins, rolls of coins, currency, a dollar bill which had been torn in two, a bottle of suntan lotion, and a lady's wristwatch apparently were taken in the burglary. When the defendants were arrested, all items in their possession were taken and placed in three paper bags. These bags were marked Exhibits 1, 2 and 3 and, with their contents therein, admitted into evidnece. Thereafter, counsel, witnesses and jurors rummaged in the bags from time to time and chatted about various articles therein. With the exception of the lady's watch, there was no clear showing identifying the articles in the bags as having been taken from the burglarized premises. At the time the exhibits were offered into evidence, there were objections and considerable debate as to their admissibility predicated upon the "chain of custody" rule. There was no objection voiced upon the premise that the items offered were not sufficiently connected with the burglary to be relevant. Hence the question was not properly before the Court of Appeals, and is not before this Court. As we said in *Bass* v. *State* (1893), 136 Ind. 165, 171, 36 N. E. 124:

> "Where specific objections are stated to the admission of evidence, the implication is that there are no others, or, if others, that they are waived. The rule is that the particular ground of objection must be stated to the trial court, and the same ground of objection brought before the appellate court, otherwise there is no question presented for consideration on appeal."

Also in agreement with this proposition are *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

Finding no reversible error, the decision of the trial court is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 294 N. E. 2d 803.