Filed May 28, 1895.

---

No. 17,572.

## ELLIS *v.* THE STATE.

CRIMINAL LAW.—*Arrest of Judgment.—Defective Verdict.*—A defective verdict is not, alone, a sufficient reason for arrest of judgment. The verdict may be looked to in connection with the indictment or information to determine the sufficiency of the latter in passing upon the motion in arrest.

SAME.—*Sufficiency of Indictment on Motion in Arrest.—Assault and Battery with Intent to Kill.*—That the indictment for assault and battery with intent to kill is sufficient on motion in arrest of judgment, see opinion.

SAME.—*Statutory Grounds for Arrest of Judgment.*—The only statutory grounds for arrest of judgment in criminal cases relate to the jurisdiction of the court and the sufficiency of the indictment or information to state a public offense.

From the Cass Circuit Court.

*M. D. Fansler, M. F. Mahoney, G. A. Gamble* and *G. P. Chase,* for appellant.

*W. A. Ketcham,* Attorney-General, *C. E. Hale,* Prosecuting Attorney, *F. E. Matson* and *M. Moores,* for State.

HOWARD, C. J.—The appellant was convicted and sentenced to State's prison for four years on the following count of indictment:

"On the 20th day of January, A. D. 1895, at the county of Cass, in the State of Indiana, Harry Worden and Reily Ellis, in and upon one Warren N. Knowles, did then and there unlawfully, feloniously, purposely and with premeditated malice, make an assault, and him, the said Warren N. Knowles, did then and there at and against the said Warren N. Knowles, did feloniously, purposely and with premeditated malice, shoot a certain pistol and revolver, then and there loaded with gunpowder and leaden balls, which they, the said Harry Worden and Reily Ellis, then and there, in both their hands had and held, with intent then and there and thereby, him, the said Warren N. Knowles, feloniously, purposely and with premeditated malice to kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

It is assigned as error that the court overruled appellant's motion in arrest of judgment, and also overruled his motion for an order discharging him from custody for the reason, as claimed, that the verdict was a nullity.

As to the first error assigned, there is no question that the count of the indictment on which appellant was convicted is a very awkwardly constructed and ungrammatical piece of composition. We think, however, that the meaning is plain to a common intent, and is sufficient to charge the appellant with assault and battery with intent to murder.

"There are many defects in pleading, both in civil and criminal cases," as said in *Laycock* v. *State*, 136 Ind. 217, "which would be fatal on demurrer or on motion to

quash, which are not available on a motion in arrest of judgment.''

Such defects are cured by the verdict. Whether the defects in this indictment are such as would require that the motion to quash should have been sustained, we need not decide, for the ruling of the court on that motion is not before us. We think, however, that the count of the indictment is sufficient to resist a motion in arrest. *Nichols* v. *State*, 127 Ind. 406; *Lavelle* v. *State*, 136 Ind. 233.

Another reason urged in favor of the motion in arrest is that the verdict was defective. We do not think that a motion in arrest should be sustained for this cause alone. It may well be that the verdict may be looked to in connection with the indictment or information to determine the sufficiency of the latter, in passing upon the motion in arrest; but the only reasons given in the statute for arresting a judgment in a criminal case relate to the jurisdiction of the court trying the case, and the sufficiency of the indictment or information to charge the defendant with a public offense. Section 1912, R. S. 1894 (section 1843, R. S. 1881); *Bright* v. *State*, 90 Ind. 343.

The case of *Wright* v. *State*, 5 Ind. 527, and other authorities of this court cited by counsel, relate to crimes charged to have been committed before the taking effect of our present statute, May 6, 1853.

The motion to discharge the prisoner is not before us for consideration, as it was not made a part of the record by order of court or otherwise. But even if such motion were before us, we could not hold that it should have been sustained. However defective the verdict may be, it is not a nullity.

By their verdict the jury find the appellant ''guilty as he stands charged in the indictment.'' This would be

sufficient, even if certain additional findings should be regarded as mere surplusage.

While it may be true that the indictment, as also the verdict, were not prepared with due care, yet we do not think the record discloses anything which prejudiced the substantial rights of the appellant. This is sufficient under sections 1825 and 1964, R. S. 1894 (sections 1756 and 1891, R. S. 1881).

The judgment is affirmed.

Filed May 27, 1895.