## LIPSCHITZ v. THE STATE.

[No. 5,193. Filed October 11, 1904.]

NUISANCE.—*Affidavit.*—*Slaughterhouses.*— An affidavit charging defendant with unlawfully maintaining a certain building as a slaughterhouse near a public highway along which divers persons were continually passing, and permitting said slaughterhouse to be and remain filthy and offensive from decayed animal matter, the charge being substantially in the language of §2154 Burns 1901, was sufficiently certain to inform the court and jury upon what charge and for what crime defendant was to be tried, and was not bad for duplicity.

From Elkhart Circuit Court; *Joseph D. Ferrall,* Judge.

Casper Lipschitz was convicted of maintaining a public nuisance, and he appeals. *Affirmed.*

*J. L. Harman* and *E. B. Zigler,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley,* **L. G.** *Rothschild* and *W. C. Geake,* for State.

HENLEY, J.—The appellant was tried and convicted upon affidavit and information for the violation of §2154 Burns 1901, which provides a penalty for maintaining a public nuisance. The question presented by this appeal arises upon the action of the trial court in overruling appellant's motion to quash the affidavit.

The affidavit upon which this prosecution was based is as follows: "Harlow Snow Manning swears that on or about the 23d day of April, 1903, at the county of Elkhart and State of Indiana, and from thence to the filing of this presentment, one Casper Lipschitz did then and there unlawfully use and maintain a certain building at said county, as a slaughterhouse and place for killing animals to be used for food, and for the purpose of boiling and rendering the entrails and offal of beasts therein, said slaughterhouse

and rendering establishment being at and near certain public highways along and through which divers inhabitants of said county and State were continually passing; and did then and there and during said time, and still does, unlawfully permit said slaughterhouse and rendering establishment to be and remain filthy and offensive from decayed animal matter there being, so that the air thereabouts is contaminated, and noxious exhalations and noisome and offensive smells are emitted therefrom, whereby the comfortable enjoyment of life of the inhabitants there living is prevented, and their health and the health and comfort of the public there passing along and upon such highways there situate endangered, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

It is provided by §2154, *supra,* that "Whoever erects, continues, uses or maintains any building, structure, or place for the exercise of any trade, employment, or business, or for the keeping or feeding of any animal, which by occasioning noxious exhalations or noisome or offensive smells, becomes injurious to the health, comfort or property of individuals or the public; or causes or suffers any offal, filth or noisome substance to be collected or to remain in any place, to the damage or prejudice of others or the public  *  *  .*    shall be fined not more than $500, nor less than $10." The affidavit charges an offense under the above-cited statute, and does not charge two separate offenses. The charge is substantially in the language of the statute, and was sufficiently certain to inform the court and jury definitely upon what charge, and for what crime, appellant was to be tried. See Gillett, Crim. Law (2d ed.), §125. This being true, the substantial rights of appellant could not be prejudiced, and the motion to quash was properly overruled. *Ellis v. State,* 141 Ind. 357, 360; *State v. Winstandley,* 151 Ind. 316.

Judgment affirmed.