RODE *v.* BAIRD, SHERIFF.

[No. 24,636.	Filed June 13, 1924.	Rehearing denied June 25,
1925.]

1.	CRIMINAL LAW.—*City courts now have same power as cir-
cuit and criminal courts to suspend sentences.*—Since the
amendment of §8843 Burns 1914 in 1921 (Acts 1921 p. 404,
§11013 Burns 1926, §8843 Burns' Supp. 1921), city courts have
power to suspend sentences as now provided by law for the
circuit and criminal courts.	p. 338.

2. CRIMINAL LAW.—*Court which has suspended sentence cannot revoke suspension and enforce judgment of imprisonment after expiration of sentence.*—A court which has suspended sentence for a misdemeanor under the provisions of §2341 Burns 1926, §2174 Burns' Supp. 1921, Acts 1919 p. 843, cannot revoke its order suspending judgment and enforce the judgment of imprisonment, the fine and costs having been paid, after the expiration of the period of sentence.   p. 338.

3. CRIMINAL LAW.—*Suspension of judgment of imprisonment beyond term of the sentence unauthorized and void.*—A suspension of a judgment of imprisonment under the provisions of §2341 Burns 1926, §2174 Burns' Supp. 1921, beyond the term of the sentence is unauthorized and void (*Hunt* v. *State,* 186 Ind. 644, overruled).   p. 339.

4. CRIMINAL LAW.—*Purpose of statute authorizing court to suspend sentence and parole defendant stated.*—The general purpose of the statute authorizing courts to suspend sentence and parole the defendant (§2341 Burns 1926, §2174 Burns' Supp. 1921, Acts 1919 p. 843), is to permit the courts to exercise a discretion under certain circumstances in paroling the defendant so that he may have an opportunity of earning his release by good behavior, he being, during the period of suspension, under the oversight of the court or its officers.   p. 340.

5. CRIMINAL LAW.—*Person convicted of misdemeanor entitled to be discharged from suspended sentence same as one convicted of felony.*—A person convicted of a misdemeanor whose sentence has been suspended under the provisions of §2341 Burns 1926, §2174 Burns' Supp. 1921, Acts 1919 p. 843, and who has complied with the terms and conditions of his parole, is entitled to be discharged on the expiration of his sentence the same as one convicted of felony.   p. 340.

6. CRIMINAL LAW.—*Revocation of order suspending judgment and paroling prisoner after expiration of term of imprisonment not authorized.*—Section 3 of the act permitting the court or judge to revoke the order suspending a sentence and paroling a prisoner without notice at any time (§2343 Burns 1926, §2176 Burns 1914, Acts 1907 p. 447) does not mean during an unlimited time, but only during the term of imprisonment as fixed by the sentence, it being intended to deprive the paroled person of the time earned by his good behavior in case the suspension is revoked.   p. 341.

From Clark Circuit Court; *George H. D. Gibson,* Judge *pro tem.*

Petition by John Rode for writ of *habeas corpus* to William Baird, Sheriff of Clark county.   From judg-

ment quashing the writ and remanding the petitioner to custody of sheriff, the petitioner appeals. *Reversed.*

*L. A. Douglass* and *George C. Kopp,* for appellant. *James L. Bottorff,* for appellee.

MYERS, C. J.—On March 24, 1924, appellant petitioned the Clark Circuit Court for a writ of *habeas corpus* whereby he sought his release from the custody of appellee Baird, sheriff of Clark county. The sheriff's motion to quash the writ was by the court overruled, whereupon the sheriff filed a return to which the petitioner lodged exceptions. Thereupon, the trial court of its own motion set aside its former ruling overruling the separate motion of appellee Baird to quash the writ and, over appellant's objections and exceptions, sustained the motion and quashed the writ and entered judgment remanding appellant to the custody of the sheriff.

The facts material in this case, as they appear from appellant's petition and the return thereto by Baird as sheriff, are as follows: On January 11, 1923, appellant, for plea to an affidavit in the city court of Jeffersonville, Indiana, charging him with unlawfully manufacturing intoxicating liquor, answered that he was guilty. Thereupon, the court fined him $100 and costs and committed him to the Indiana State Farm for a period of six months, and, as a part of the judgment, the sentence of imprisonment was suspended "during the good conduct of the defendant and his further refraining from the violation of the laws pertaining to intoxicating liquors." The fine and costs were fully paid. On June 9, 1923, appellant, in the same city court, was again charged by affidavit with a violation of the liquor laws, and, upon a trial in that court, he was found guilty, but on appeal to the circuit court,

he was acquitted. On March 22, 1924, James L. Bottorff, prosecuting attorney for Clark county, made and filed an affidavit with the city court of Jeffersonville stating that appellant had been convicted in that court on an affidavit filed June 9, 1923, and that the order suspending the sentence of imprisonment on the Indiana State Farm entered January 11, 1923, should be revoked and set aside, the appellant ordered into custody and the prison sentence invoked. For some reason, known only to the affiant, there was a failure to state the whole truth as to the final result of the prosecution begun June 9, 1923. However, upon the filing of this affidavit, the court issued an order of arrest and appellant was taken into custody by a police officer and turned over to the sheriff who placed him in jail, and has continuously kept him there.

Appellant, on January 11, 1923, in the city court, pleaded guilty to a misdemeanor. The parties hereto do not question the power of the city court to

1, 2. suspend sentence in such cases "upon such terms and conditions as to such parole as such court may in its judgment and discretion deem right and proper, and by its judgment fix and provide." Acts 1919 p. 843, §2341 Burns 1926, §2174 Burns' Supp. 1921; §11013 Burns 1926, §8843 Burns' Supp. 1921, as amended. Acts 1921 p. 404. But, it cannot be said that appellant, by his acquiescence in the election by the court to exercise its discretion and suspend his sentence thereby gave it power for an indefinite time to subject him to the penalty of the judgment. In the case of *People* v. *Kennedy* (1885), 58 Mich. 372, 25 N. E. 318, the court aptly said: "The defendant, even after conviction, has some rights that a court is bound to respect, and is entitled to have his liberty as soon as the limit of the law, reasonably administered, will permit."

In the instant case, the fine and costs having been

paid and more than fourteen months having elapsed, the city court assumed to revoke its order suspending the sentence of imprisonment and to enforce its original judgment by sending appellant to the state farm for six months. We hold that the court's jurisdiction to enforce its judgment of imprisonment expired at the end of the six months period, and its assumption of power to act after that time was without authority of law. *Sutton* v. *State* (1924), 194 Ind. 479, 143 N. E. 353.

Judgment reversed, and the court below is instructed to overrule the motion of appellee Baird to quash the writ. However, upon the whole record, it is apparent that appellant should be finally discharged and it is so ordered.

The clerk of this court is now directed to at once certify this opinion down.

## ON PETITION FOR REHEARING.

MYERS, J.—On petition for a rehearing, appellee relies upon the cases of *Hunt* v. *State* (1917), 186 Ind. 644, and *Egbert* v. *Tauer, Mayor* (1921), 191 Ind. 547. Neither of these cases controls the case at bar. The facts in the Hunt case, upon which the decision rests, readily distinguish it from this one. But, if that case may be understood as holding that a suspension of judgment or sentence and parole of a person under the provisions of the statute (Acts 1919 p. 843, §2341 Burns 1926, §2174 Burns' Supp. 1921) suspends the operation of a final judgment during the pleasure of the court or judge beyond the term of imprisonment fixed by such judgment, then, to that extent, it is overruled. The decision in the Egbert case turned upon void action of the mayor in assuming to suspend sentence without any lawful authorization so to do.

The general purpose of the statute authorizing courts of this state to suspend sentence and parole persons

convicted of a felony or a misdemeanor is to per-
4.    mit such courts to exercise a discretion under
        certain circumstances—penalty imposed by law
too severe, or the interest of society does not demand
that such penalty be imposed—"upon the entry of judg-
ment of conviction." Whether the judgment upon
conviction and sentence commits to a state penal or
correctional institution or to a jail or workhouse, the
object of suspending sentence and paroling such person
is that he may have an opportunity of earning his re-
lease by his good behavior. While thus out on parole,
he is, by sanction of this statute, under the supervision
of an officer or "some discreet person." This is true in
counties having no probation officer or no probation clerk
in case of an established separate criminal court, for,
under such circumstances, such paroled person is under
the oversight of the court wherein the judgment of
conviction was had and such suspension and parole was
granted.

The language of the statute for the final discharge of
a paroled person convicted of a felony is definite and
        certain, for, unless the suspension of his sen-
5.    tence has been revoked, he is entitled to a dis-
        charge upon completing the term of his minimum
sentence. Keeping in mind the general spirit and ob-
ject of this statute, it would be unreasonable to infer
that the legislature intended that one convicted of a
misdemeanor, who is entitled to and has been given a
suspended sentence, and has complied with the terms
and conditions of his parole as fixed and provided by
the court, should be required to submit indefinitely to
the observation of a judge or court, when it has said
that the period of supervision of a felony-convicted per-
son behaving well terminates upon the completion of
his minimum sentence.

But, it is claimed that §3 of the act (Acts 1907 p.

447, §2343 Burns 1926, §2176 Burns 1914), permitting the court or the judge to revoke the order sus-
6. pending sentence or releasing such person on parole without notice at any time, means a time at the discretion of the court and unaffected by the term fixed by the judgment of conviction. The unsoundness of this argument is apparent. Section 3 applies alike to all classes of paroled persons respecting the time of such supervisory action. This statutory provision evidently applies to and serves to deprive such paroled person of the time earned by good behavior in case suspension of sentence is revoked for his violation of the conditions of the parole within the term of imprisonment but for the action of the court in suspending sentence and granting a parole.

These sections of the statute will not warrant the construction that appellee would have us give them.

The petition for a rehearing is denied.