VARISH *v.* STATE OF INDIANA.

[No. 25,151. Filed November 2, 1928.]

*George Hershman,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was charged by affidavit in cause No. 3525 in the Lake Criminal Court with possession of a distilling apparatus for the manufacture of intoxicating liquor. To this charge he pleaded guilty.

The finding of the court made on June 11, 1924, was as follows:

"That the defendant is guilty as charged, that he is 38 years of age and should be imprisoned at the Indiana State Prison for a period of not less than one nor more than five years and that upon a

written recommendation of the prohibition department of Indiana to wit (here the recommendation is set out) the prison sentence herein be suspended during the good behavior of said defendant under statutory conditions and that this cause be continued for judgment until July 1, 1924."

Subsequently, the following entries were made in the case:

"July 8, 1924:

"This cause is now continued for judgment until the defendant has completed sentence in No. 3524."

"March 6, 1925:

"Comes now the State of Indiana by its prosecuting attorney and comes also the defendant in his own proper person in open court, and the court now renders judgment on the finding heretofore rendered herein, to wit: It is therefore considered, adjudged and decreed by the court that the defendant, for the offense by him committed, to wit: Possession of still, be and he is hereby imprisoned at the Indiana State Prison for a period of not less than one year nor more than five years."

"December 16, 1925:

"The court having been advised, now finds that the defendant, Joe Varish, has since his conviction herein and the suspension of the prison sentence, been engaged in the violation of the Prohibition laws of the State of Indiana, the State of Illinois and the Federal liquor laws, thereby violating the conditions of his probation; therefore the court now revokes and sets aside the order, heretofore entered on the 11th day of June, 1924, suspending the prison sentence herein, and also the order heretofore entered herein on the 6th day of March, 1925, suspending said prison sentence herein and that the judgment should be rendered on the finding of guilty the same as though said orders suspending sentence herein

had not been made and the sheriff is ordered to take said defendant into custody.''

"December 17, 1925:

"Comes now the State of Indiana by its prosecuting attorney and comes also the defendant in his own proper person and the court now renders judgment on the original finding of guilty herein; that the defendant be imprisoned at the Indiana State Prison for a period of not less than one nor more than five years. It is therefore considered, adjudged and decreed by the court that the defendant for the offense by him committed, to wit: Possession of still, be and he is hereby imprisoned at the Indiana State Prison for a period of not less than one nor more than five years, and pay the costs of this prosecution and the sheriff of this county is charged with the due execution of this judgment."

On December 21, 1925, appellant filed a verified motion to strike out the orders of March 6, December 16 and 17, 1925 in which he alleges:

"That the record shows no reason or good cause why the judgment should not have been pronounced by the court at the time the finding was entered on June 11, 1924 . . . that the court, after July 1, 1924, lost all jurisdiction and power over the person of this defendant and had no power or authority to render or pass judgment upon the finding theretofore made in said cause . . . that the record does not show that March 6, 1925, had ever been definitely fixed as the date when judgment should be rendered in this cause and . . . that the judgment attempted to be entered on March 6, 1925, does not follow the finding of the court as entered on June 11, 1924, that the order of December 16, 1925, made out of the presence of the defendant, was without authority and was made more than one year after the court's finding of guilty; that the order of December 17, 1925, was entered without any hearing of evidence, and that the defendant is not guilty of the

violation of the laws of Indiana, Illinois and of the Federal Government as set out in the court's order of December 16, 1925."

On December 28, 1925, he filed a verified supplemental motion reading as follows:

"Affiant further says that in cause No. 3524 referred to in the record of this cause he was on June 11, 1924, fined $100.00 and given five months sentence to the Indiana State Farm and said cause was continued to July 1, 1924, that on July 1, 1924, said cause was, by agreement of the parties, continued to July 8, 1924; that on July 8, 1924, said cause was at the request of this defendant continued to September 8, 1924, for judgment; that thereafter on September 9, 1924, the court rendered judgment in said cause No. 3524 against this defendant; that he make his fine to the State of Indiana in the sum of $100.00 and pay the costs of said prosecution and that he be imprisoned at the Indiana State Farm for a period of five months.

"Defendant further avers that on September 10, 1924, he was incarcerated in the Indiana State Farm in pursuance to said judgment and remained in said Indiana State Farm until some time in the month of November, 1924, when he was granted a pardon by the Governor of this State; that after receiving said pardon this affiant returned to his home in Lake County, Indiana, and lived and resided in said county with his family continuously from that time up to and including Thursday, December 17, 1925."

The state filed verified written objections, supported by affidavits of two deputy prosecuting attorneys, alleging, in part, that "each and all of said entries or orders were made and rendered because of the request, in the presence and with the consent of the defendant" and that, "after the defendant had finished serving under the judgment and sentence in said cause No. 3524, cause No. 3525 was set down on the regular trial calendar on numerous dates for judgment and sentence but that on

each and every one of said dates . . . the same was continued by reason of said defendant's request," etc.

The defendant's motion and supplemental motion were submitted to the court for hearing, the defendant introduced in evidence his motion and also all order-book entries made in case No. 3524 and the state introduced its written objections and the two affidavits in support thereof. The court overruled the motions. On the same day appellant filed a verified motion asking to be discharged and released, in which he raised the same questions.

Appellant assigns as error: (1) The rendering of judgment on March 6, 1925; (2-5) the overruling of his motions and supplemental motions to strike out the several orders and judgments entered on March 6, 1925, December 16, 1925, and December 17, 1925; (6) the overruling of his motion to be discharged and released; (7) the overruling of his motion to strike out the counter-affidavits filed by the state; and (8) the admission in evidence of certain portions of the state's written objections.

The first five assignments involve the question of the validity of the orders of March 6, December 16 and 17, 1925. On this question, appellant's first contention is that there was not shown a reasonable excuse for the delay in imposing the sentence and that there was an indefinite postponement of rendering judgment or pronouncing sentence which deprived the lower court of jurisdiction over appellant. His second contention is that he completed the term of the minimum sentence on June 11, 1925, and that the court thereafter had no power or authority over him. His second contention under the rule stated in *Rode* v. *Baird, Sheriff* (1924), 196 Ind. 335, 144 N. E. 415, would unquestionably prevail if the entry made by the court on June 11, 1924, was a judgment. That entry, however,

was a *finding* and not a *judgment,* and the sentence did not begin to run on that date. The finding of June 11, 1924 did not operate as a judgment and it follows that it could not operate to suspend a sentence before that sentence was pronounced. The entry of March 6, 1925 was a judgment, but it did not suspend the sentence. Thereafter, appellant was at large but he was not at large under a suspended sentence. From the entry of December 16, 1925, it can be seen that the trial court had the erroneous impression that it had suspended the sentence by its judgment of March 6, 1925, or by its finding of June 11, 1924, or by both, and proceeded to set aside those supposed orders of suspension. The court, in its order of December 17, 1925, recites that "the court now renders judgment on the original finding of guilty herein." This judgment was unnecessary, since the judgment of March 6, 1925, upon the same finding was identical. We shall therefore consider the judgment of December 17, 1925 as surplusage and as ineffective (see 16 C. J. 1317, citing *State* v. *Briscoe* (1911), 237 Mo. 154, 135 S. W. 58,) and the judgment of March 6, 1925, as effective and valid, unless it is invalid for the reasons alleged in appellant's first contentions above noted, which we shall presently consider.

Appellant's objection that the judgment of March 6, 1925, does not follow the finding of June 11, 1924, is unavailing. That judgment does follow the finding, except as to the suspension of sentence and this, the court, by its judgment, may change. In *State* v. *Smith* (1919), 188 Ind. 64, 121 N. E. 829, where a defendant was sentenced more than nine months after pleading guilty and seven months after his release from serving a sentence on a conviction of another offense and where there was no record made other than the entry of appellant's plea of guilty until the date of judgment and no agreement entered

into whereby sentence was to be postponed, we held that the court had no jurisdiction to impose the sentence; but we there stated the rule, in view of §§202, 290, 295, ch. 169, Acts 1905, §§2234, 2333 and 2338 Burns 1926,[1] to be that courts may defer final action upon a plea of guilty or upon a conviction to a subsequent day or term, when it appears that the interest of justice demands it or "for causes shown." Here it appears that appellant agreed to a continuance of his other case, No. 3524, to July 8, 1924, from July 1, 1924, the date first set by the court for sentence and at his request it was again continued to September 8, 1924, that the entry made July 8, 1924, in this case continued it for judgment until the defendant completed his sentence in cause No. 3524 and that the judgment herein was entered on a date (March 6, 1925) which was approximately the date on which such other sentence (in No. 3524) would have expired had not executive clemency released the prisoner at an earlier date. It is clearly the intent of the statutes above noted that judgment shall be pronounced without delay upon the finding or verdict of guilty unless sufficient cause appears for delay. Here it appears that, from time to time between July 1, 1924 and March 5, 1925, appellant requested delays in this case which were granted, and he cannot, therefore, predicate any right to avoid the judgment on such delays, occasioned by himself or as a result of his express invitation. See *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801. It, therefore, appears that justifiable reason existed for the

---

[1]§2234. "If the accused pleads guilty, said plea shall be entered on the minutes and he shall be sentenced" . . .

§2315, etc., . . . Where the plea is guilty . . . the court . . . shall assess the amount of fine and fix the punishment to be inflicted."

§2333. "After a finding or verdict of guilty against the defendant, if a new trial be not granted or the judgment be not arrested, the court must pronounce judgment."

§2338. "If no sufficient cause be alleged or appears to the court why judgment should not be pronounced, it shall thereupon be rendered."

court's delay in entering the judgment of March 6, 1925.

There was no error in the action of the court in overruling appellant's motion to strike out the state's counter-affidavits and in admitting in evidence the state's written objections to appellant's motions. The hearing conducted by the court was to determine the condition of its record and the legal effect and validity of its orders, and a wide latitude and discretion should be allowed the trial courts in such a hearing. It does not appear that its discretion was abused.

The judgment is affirmed, with directions to the trial court to enforce its judgment rendered March 6, 1925.