POINTER *v.* LUNZ, SHERIFF.

[No. 26,254.   Filed January 8, 1936.]

Robert A. Buhler, for appellant.

Philip Lutz, Jr., Attorney-General, and Joseph P. McNamara, Deputy Attorney-General, for appellee.

HUGHES, J.—The appellant, plaintiff below, filed in the Circuit Court of Allen County a petition for a writ of habeas corpus. He alleged that on the 16th day of August, 1932, he was wrongfully and unlawfully taken in custody by the appellee, sheriff of Allen county, on the order and commitment of the Honorable C. R. McNabb, judge of the Allen Circuit Court, and that he, the appellant, was illegally confined in the Allen county jail by reason of said commitment. It is further alleged that the commitment was for the alleged failure of appellant to pay a fine of one hundred and forty dollars ($140.00) assessed against him on a liquor charge by the Allen Circuit Court on June 1, 1931. It is further alleged that on said day he was fined one hundred and forty dollars ($140.00) and sentenced for thirty days to jail, the latter part of the sentence being suspended. It is also alleged in the petition that while said fine remained unpaid the petitioner, appellant herein, was again arrested and tried, February 3, 1932, before said court for a second violation of the liquor laws and was fined one hundred and forty dollars ($140.00) and sentenced to the Indiana State Farm for sixty days; that he served said sentence and was released on the — day of August, 1932, and was then arrested and placed in jail for failure to have paid the one hundred and forty dollar ($140.00) fine imposed at the first trial.

The petition of appellant is quite lengthy, the latter part of which consists of a brief on the merits of the petition.

The appellee filed a motion, containing thirteen reasons, to quash the petition, which was sustained. The appellant excepted to the action of the court in sustaining the motion to quash and appealed to this court.

The main contention of the appellant is, as stated by him:

"... that if petitioner's first fine remained unsatisfied at the time and upon his second conviction that the first fine and the second fine and the two jail sentences of 30 and 60 days each ran concurrently under the laws of this state and that the court had no authority under any Indiana law to order the commencement of imprisonment for the alleged failure to pay petitioner's fine in the first instance to commence after the expiration of the petitioner's second term of imprisonment, as was done in the case at bar."

This contention cannot prevail and is not in harmony with the facts as are alleged in the petition. It is not alleged and the facts do not show that the court ordered, "... the commencement of the petitioner's first term of imprisonment for the alleged failure to pay petitioner's fine in the first instance to commence after the expiration of the petitioner's second term of imprisonment." It is alleged in the petition that the sheriff, on August 16, 1932, was directed to arrest the petitioner and commit to jail for the failure to pay and satisfy the fine of one hundred and forty dollars ($140.00) assessed on June 1, 1931. No definite term of imprisonment was specified, but the length would be governed by section 9-2227, Burns 1933, which is as follows:

"*Time of imprisonment.*—Any person imprisoned for failure to pay or replevy any fine or costs may be ordered to be discharged by the court, or by the judge thereof, after being imprisoned one (1) day for every dollar of the fine and costs, if it appears by satisfactory proof that such person is

unable to pay or replevy the same; but execution may issue against the property of the defendant, as in case of other judgments. (Acts 1905, ch. 169, §302, p. 584.)"

A copy of the finding and judgment rendered on June 1, 1931, is not set out in the petition and we are unable to determine from the facts alleged the exact terms of the same. We must presume, however, that the court complied with the statute in rendering the judgment. Section 9-2228, Burns 1933, provides as follows:

*"Fine—Commitment—Stay expired—Arrest.—* Whenever a person is adjudged guilty of a misdemeanor or felony, and his punishment is by fine, or by fine and imprisonment, the judgment shall be that he stand committed until such fine is paid or replevied; and it shall be unlawful for the sheriff or constable to release such person until such judgment is either paid in money or replevied by good freehold surety residing in the county where the judgment is rendered. In case such judgment is replevied, it shall be the duty of the clerk, justice of the peace, or city judge, upon the expiration of the time for the stay of execution thereon, to issue to the sheriff or constable a copy of such judgment, with his mandate attached, under the hand or hand and seal of the court; and it shall be the duty of the sheriff or constable to arrest the defendant and commit him to jail unless or until such fine and costs are paid or until they are made by levy on the property of the defendant or his stay-bail, and the constable or sheriff, upon making such commitment, or if the defendant be not found, shall instanter levy the said judgment upon the property of the defendant or his stay-bail or both and sell the same without relief from valuation or appraisement laws as other property is sold on execution."

We must again presume that the sheriff carried out the provisions of this act, as far as his duties were concerned and that he did not release appellant until he replevied the judgment for the fine. It is alleged that the fine was not paid and therefore

under the statute he was required to give replevin bail.
For all that appears from the petition it may be that
the court released the petitioner on his own recogni-
zance. Whether he was released on his own recogni-
zance or on bail, the time (90 days as provided in sec-
tion 9-2225, Burns 1933) had expired and it was the
duty of the sheriff to arrest and commit him to jail as
provided in section 9-2228, *supra*. This was done under
the hand and seal of the judge of the Allen Circuit Court
under date of August 15, 1932. There was nothing ir-
regular in this proceeding.

We agree with the contention of appellant that where
there is a suspension of a sentence of imprisonment,
unless revoked, a defendant is entitled to a dis-
charge at the end of the time for which he was
sentenced. This was held in the case of *Rode* v.
*Baird, Sheriff* (1925), 196 Ind. 335, 144 N. E. 415. This
case did not hold, however, that the same rule applied as
to the fine and costs. And in the instant case it was only
the jail sentence that was suspended. Section 9-2225,
*supra*, provides that execution for the fine and costs
may be stayed for 90 days, and section 9-2227, *supra*,
provides that any person imprisoned for failure to pay
or replevy any fine or costs may be ordered to be dis-
charged by the court, or by the judge thereof, after
being imprisoned one day for every dollar of the fine
and costs, if it appears by satisfactory proof that such
person is unable to pay or replevy the same.

The statute relative to the suspension of sentences
also, among other things, provides:

". . . In case the court shall impose a fine, with a
concurrent sentence of imprisonment, the court
may suspend the execution of the sentence of im-
prisonment and may place the defendant on pro-
bation and may require that said fine be paid in one
or several sums while on probation; or the court

may impose a fine and may suspend the imposition of the sentence of imprisonment."

So under the provisions of the statute the fact that the term of imprisonment is suspended does not suspend the term of the fine and costs unless specifically provided.

It is further contended by appellant "that if petitioner's first fine remained unsatisfied at the time of and upon his second conviction that the first fine and the second fine and the two jail sentences of 30 and 60 days each ran concurrently under the laws of this state and that the court had no authority under any Indiana law to order the commencement of the petitioner's first term of imprisonment for the alleged failure to pay petitioner's fine in the first instance to commence after the expiration of the petitioner's second term of imprisonment, as was done in the case at bar."

As heretofore stated, the facts alleged do not show that the court ordered the commencement of the petitioner's first term of imprisonment for the failure to pay the fine assessed. The prison sentence was suspended and he was committed to jail for failure to pay the fine of one hundred and forty dollars ($140.00).

The appellant cites and relies upon the case of *Reed, Sheriff* v. *Brewster* (1906), 168 Ind. 51, 79 N. E. 1039, to sustain his position and contention that the two sentences imposed ran concurrently. The facts in the Reed case are entirely different from the facts in the instant case. In that case the defendant was arraigned in court upon seven separate and distinct indictments for the unlawful sale of liquor, to which he plead guilty. In each case he was fined twenty-five dollars ($25.00) and costs to the amount of seven dollars ($7.00) and committed to jail until such fine and costs were paid or replevied. He served 32 days in jail and then filed his

petition for a writ of habeas corpus, which was granted, and was released from jail. In discussing the case the court referred to the case of *Miller* v. *Allen* (1858), 11 Ind. 389. In that case it was affirmed that in the absence of a statute providing that one term of imprisonment should commence at the expiration of another, the trial court could make no such order and both terms commenced and ran concurrently. To the same effect are the cases of *Kennedy* v. *Howard* (1881), 74 Ind. 87, and *Lawson* v. *State* (1931), 202 Ind. 583, 177 N. E. 266. In all of these cases it is to be noted that the sentences were imposed at the same time. In the instant case there was not and could not be a sentence imposed for the failure to pay the fine, for the statute expressly gives the defendant 90 days in which to pay the fine and costs. Section 9-2225, *supra.* And section 9-2228, *supra,* provides:

"Whenever a person is adjudged guilty of a misdemeanor or felony, and his punishment is by fine, or by fine and imprisonment, the judgment shall be that he stand committed until such fine is paid or replevied . . ."

At the expiration of the time for the stay of execution then the defendant can be committed to jail until the fine is paid as provided in sections 9-2227 and 9-2228, *supra.*

In the instant case appellant was committed to jail for failure to pay the fine assessed against him in the first offense and long after he had served the penalty imposed in the second offense and none of the cases cited by appellant are in point.

We think there was no error committed by the lower court in sustaining the motion to quash.

Judgment affirmed.