ETHERINGTON *v.* STATE OF INDIANA.

[No. 29,415. Filed September 24, 1957.]

*Joseph A. Noel, Jump, Noel & Lacey* and *Robert J. Kinsey* (of counsel), all of Kokomo, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

LANDIS, J.—Appellant was charged with reckless homicide. After a jury trial he was convicted, his fine fixed at $500.00, and his imprisonment, 180 days at the penal farm. He appeals from the judgment rendered on the verdict.

Appellant's only contention of error on this appeal according to his brief is that the trial court erred in overruling the motion to quash, alleging the affidavit does not state the offense with sufficient certainty.

The affidavit charging reckless homicide is as follows (Tr. p. 9, 1. 28 to Tr. p. 11, 1. 1.) :

"That on or about the 30th day of June, 1955, at the County of Howard, and State of Indiana, Robert F. Etherington, late of said county, did then and there unlawfully drive and operate a motor vehicle, to-wit: an automobile, over and upon the Center Road and United States Highway No. 35 in said County and State, with reckless disregard for safety of others, to-wit: James Harmon and the public, in this, to-wit: That the said Robert F. Etherington did then and there unlawfully drive a motor vehicle at such an unreasonably high rate of speed under the circumstances as to endanger the safety of others and by driving in such a manner as to be heedless of probable injury to the safety, property or the rights of others, and that said Robert F. Etherington did drive and operate said motor vehicle in a general northerly direction over and upon said Center Road while racing with another vehicle at a high, dangerous, and reckless, rate of speed during the night time and without restricting his speed in such a manner as would be

necessary to avoid colliding with vehicles traveling upon U. S. Highway No. 35 in compliance with a [sic] legal requirements, and by disregarding the stop sign placed at the intersection of U. S. Highway No. 35 and the said Center Road, and that he did then and there cause the death of another person, to-wit: James Harmon, by driving into and against with great force and violence another motor vehicle, to-wit: an automobile traveling on U. S. Highway No. 35 in an easterly direction, said other automobile being then and there driven by one Fred E. Grant, Jr. and said James Harmon being then and there a passenger in said motor vehicle driven by Fred E. Grant, Jr. as affiant is informed and verily believes, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The statute defining reckless homicide and containing pertinent provisions as to the offense upon which the affidavit was based is as follows:

"(a) Reckless Homicide. Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide. . . .

. . .

"(c) Reckless Driving. Any person who drives a vehicle with reckless disregard for the safety, property or rights of others shall be guilty of the offense of reckless driving. . . .

"The offense of reckless driving, as defined in this section, may be based, depending upon the circumstances, on the following enumerated acts and also on other acts which are not here enumerated but are not excluded and may be within the definition of the offense: (1) driving at such an unreasonably high rate of speed, or at such an unreasonably low rate of speed, under the circumstances, as to endanger the safety or the property of others, or as to block the proper flow of traffic; (2) passing or attempting to pass another vehicle

from the rear while on a slope or on a curve where vision ahead is obstructed for a distance of less than five hundred [500] feet ahead; (3) driving in and out of a line of traffic, except as permitted elsewhere in the laws of this state; (4) speeding up or refusing to give half of the roadway to a driver overtaking and desiring to pass; (5) failing to dim bright or blinding lights when meeting another vehicle or pedestrian; (6) driving recklessly against another person or against the car or other property of another; or driving in any other specified manner in which the driver is heedless of probable injury to the safety, the property or the rights of others." Burns' Indiana Statutes, §47-2001 (a) and (c), (1952 Repl.), being Acts 1939, ch. 48, §52, p. 289.

Appellant contends the affidavit is for the most part drafted in the statutory language and contains allegations only by way of conclusion and vague generality, and that it is impossible to determine what acts of appellant are relied on as constituting reckless disregard of the safety of others and what acts are claimed to have been the proximate cause of the death of decedent.

It is apparent that the affidavit charging reckless homicide in this case is not one to be held out as a model of grammatical construction or a gem of literary excellence. A more concise and clearcut statement of the charge could doubtless have been made, but it is well settled that ungrammatical, or awkwardly constructed sentences will not destroy an affidavit where the meaning is plain. See: *Ellis* v. *The State* (1895), 141 Ind. 357, 40 N. E. 801.

Appellant's contention that the affidavit is insufficient in being drafted in the statutory language and only containing allegations of conclusion and vague generality is not borne out by an examination of the affidavit.

The affidavit, after charging appellant with driving an automobile with reckless disregard for the safety of decedent and the public, and at such an unreasonably high rate of speed under the circumstances as to endanger the safety of others and in a manner heedless of probable injury to the safety of others, avers specifically *that appellant drove said vehicle on Center Road while racing with another vehicle at a high, dangerous and reckless rate of speed during the night time and without restricting his speed as necessary to avoid colliding with vehicles traveling on U. S. Highway 35 and by disregarding a stop sign at such intersection and by colliding with a car traveling on said U. S. Highway 35 carrying decedent.* (Emphasis supplied.)

Appellant suggests the term "racing" in the affidavit could refer to accelerating the vehicle's motor while the gears were disengaged. However, the language in the affidavit plainly states appellant drove "said vehicle on Center Road while racing with another vehicle at a high, dangerous . . . rate of speed." This phraseology does not reasonably admit of the construction that appellant in racing another vehicle was only "racing his motor."

Appellant says that disregarding a stop sign is not equivalent to alleging a failure to stop. We disagree. The verb "disregard" is defined as meaning "to pay no regard or respect to"[1] and it is difficult to conceive of how else one would pay no regard or respect to a stop sign except by failing to stop.

Appellant next contends the affidavit fails to allege the death of a human being was the proximate result of acts committed by appellant.

---

1. The New Century Dictionary, p. 436.

The affidavit in charging that appellant "did then and there cause the death of" decedent by "driving into and against with great force and violence another motor vehicle" in which decedent was "then and there a passenger" sufficiently alleges facts indicating appellant's driving was the proximate cause of the death.

Nor are we able to conclude from an examination of the affidavit and appellant's several contentions leveled against it that the accused was not apprised of the character and nature of the charge against him. See: *Kennedy* v. *State* (1936), 209 Ind. 287, 196 N. E. 316.

Finding no error in the overruling of appellant's motion to quash for insufficient certainty, the judgment is affirmed.

Arterburn, C. J., and Achor, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 144 N. E. 2d 717.