PATTON *v.* STATE OF INDIANA.

[No. 30,118. Filed February 1, 1962.]

*John R. Jett, John A. Kesler* and *Edward L. Hamilton*, all of Terre Haute, for appellant.

480

*Edwin K. Steers*, Attorney General, and *William D. Ruckelshaus*, Deputy Attorney General, for appellee.

ACHOR, C. J.—This is an appeal from an action wherein the appellant was charged in a single affidavit in two counts, count one charging reckless homicide and count two charging involuntary manslaughter. He was found guilty on both counts. The sentence of six months on count one was suspended. On count two he was sentenced to the Indiana State Prison for a period of two to twenty-one years. Under this sentence he has been serving time since the date of his commitment, on April 4, 1961.

The errors assigned and relied upon for reversal are:

1. The overruling of appellant's motion to quash.

2. The admission, over objection, of certain evidence.

3. The finding was not sustained by sufficient evidence.

4. Error in sentencing on both counts of the affidavit.

Count one of the affidavit alleged in substance that the appellant drove and operated an automobile upon and along a public highway in the city of Terre Haute, at an unreasonably high rate of speed of approximately 80 miles per hour on a narrow highway which had a number of sharp curves thereon, with reckless disregard for the safety of others, especially one Richard Michael Joseph Jr., a passenger in said automobile; that while then and there operating said automobile in the manner above described he unlawfully and feloniously drove the same against a utility pole thereby inflicting a mortal wound on said passenger,

which mortal wound and injury proximately caused the death of said passenger.

Count two of the affidavit alleged, in substance, that the appellant "did then and there unlawfully, feloniously and involuntarily, without malice, express or implied, kill a human being, to-wit: one Richard Michael Joseph, Jr., by reason of the defendant then and there and immediately prior thereto unlawfully driving and operating a motor vehicle upon a public highway at a speed which . . . was greater than was then and there reasonable and prudent, to-wit: approximately 80 miles per hour . . . the condition of the highway being narrow and having a sharp curve and so as to endanger the life and limb and injure the property of another person, to-wit: Richard Michael Joseph, Jr., . . . and did then and there unlawfully, feloniously, but involuntarily, while in the commission of the unlawful acts aforesaid, inflict a mortal wound and injury in and upon the said Richard Michael Joseph, Jr., of which wound and injury . . . [he] then and there died, . . ." [Record p. 4.]

With respect to count one of the affidavit, appellant contends that the allegations of the affidavit do not sufficiently charge said appellant with the crime of reckless homicide; that the mere allegation that appellant was traveling 80 miles an hour on a narrow road which had many sharp curves does not state the facts constituting the offense of reckless homicide with sufficient certainty, as required by law.

Appellant contends that the acts alleged in count one of the amended affidavit "do no more than charge the appellant of an act or acts which were alleged to be unlawful because it, or they, were negligence, . . ." that such acts are not "alleged in

great detail by which it is made to appear that the act done was done wantonly and/or with reckless disregard for the safety of others." [Brief of Appellant, p. 110.]

We do not agree that count one failed to allege with sufficient certainty the specific acts which constitute the driving of the automobile with reckless disregard of others. The affidavit alleges that appellant drove the automobile in which he and the decedent were riding at a speed of 80 miles an hour, upon a narrow highway which had a number of sharp curves thereon, into and against a utility pole thereby inflicting a mortal injury upon the decedent.

Contrary to the contention of appellant, the acts alleged constitute allegations of more than mere negligence. Scienter, which is necessary to wilfulness and reckless disregard for the safety of others in the operation of an automobile, will be inferred from the continuous operation of a motor vehicle at the speed of 80 miles an hour on a narrow highway which had sharp curves thereon. *Smith* v. *State* (1917), 186 Ind. 252, 259, 115 N. E. 943, 946; *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N. E. 640, 642.

Therefore, we conclude that the allegations of count one of the affidavit were sufficient to conform to the requirements of Acts 1939, ch. 48, §52, p. 289 [§47-2001(a), Burns' 1952 Repl.], and to apprise the appellant of the nature of the crime with which he was charged with sufficient certainty for him to adequately prepare his defense. Such an affidavit is sufficient to comply with the purpose of Art. 1, §13 of the Indiana Constitution. *Kain* v. *State* (1954), 234 Ind. 160, 163, 123 N. E. 2d 177, 179; *Beeman* v. *State* (1953), 232 Ind. 683, 688,

115 N. E. 2d 919, 921; *Etherington* v. *State* (1957), 237 Ind. 251, 254, 144 N. E. 2d 717, 719.

We next consider appellant's motion to quash count two of the affidavit. The appellant, in support of his contention that count two should be quashed, states, among other things, that the affidavit does not state the facts which disclose that appellant's unlawful acts were the proximate cause of the death of the decedent, nor are the allegations of fact stated with sufficient certainty to enable appellant to prepare a proper defense.[1]

Upon examination of count two we find that it merely alleges that, "by reason of" and while driving at a speed of approximately 80 miles per hour upon a narrow highway having a sharp curve he "did then and there . . . while in the commission of the unlawful acts aforesaid, inflict a mortal wound and injury in and upon" the decedent. The affidavit is defective in that it does not state in what manner the alleged unlawful acts of the defendant proximately caused the death of the decedent. For example, the affidavit does not allege that the decedent was the occupant of the car driven by appellant or that he died as a result

1. "Count 2 . . . fails to . . . disclose that the death of decedent resulted from any unlawful act or acts on the part of the defendant . . .

"Nowhere in said affidavit does it allege that any act or acts of the defendant was the proximate cause of the death of decedent.

. . .

"An affidavit charging the crime of involuntary manslaughter must allege facts showing that the violation of the law was a proximate cause of death. *Blackburn* v. *State* (1932), 203 Ind. 332, 180 N. E. 180, also *Votre* v. *State* (1923), 192 Ind. 684, 138 N. E. 257, also *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689, also *Howell* v. *State* (1928), 200 Ind. 345, 163 N. E. 492.

"[The] allegations contained therein are not sufficiently alleged as to advise said defendant of just what acts as [sic] charged and to permit him to prepare a proper defense thereto." [Br. of Appellant pp. 12-13.]

of a collision or from some other cause which existed by reason of and while appellant was operating an automobile in the manner described. For aught that appears in this count the decedent may have been the occupant of another automobile which was crowded off the highway, or he may have been a pedestrian on the highway, or death may have been caused by decedent falling from the car by reason of and while the car was being driven by appellant in the manner charged.

The court was confronted with substantially the same question in the case of *Kain* v. *State* (1954), 234 Ind. 160, 164-165, *supra*. In that case this court stated:

> " 'An indictment must state the facts and circumstances which constitute the offense charged with certainty and precision, and every material circumstance in regard to time and place, must be averred with that degree of certainty which is sufficient, to exclude every other intendment.' *Alderson* v. *State* (1924), 196 Ind. 22, 28, 29, 145 N. E. 572, 574.
>
> "In *State* v. *Beckman* (1941), 219 Ind. 176, 185, 37 N. E. 2d 531, this court, in holding an affidavit charging reckless homicide was properly quashed, said: 'Involuntary manslaughter does not belong to that class of crimes that may be charged in the language of the statute. When the affidavit or indictment is based upon the commission of an act which is unlawful because it is negligent, the allegations must allege facts by which it is made to appear that the act was done wantonly or with reckless disregard for the safety of others, and it must further appear that such act was the proximate cause of the death. *Potter* v. *State* (1904), 162 Ind. 213, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. Rep. 198, 1 Ann. Cas. 32, it was held to be necessary to a charge of manslaughter that the death of the decedent be made to appear the natural or necessary result of the unlawful act

relied upon and that it was insufficient to charge that the killing occurred "while" the defendant was doing the unlawful act. . . . .' In *Kimmel* v. *State* (1926), 198 Ind. 444, 451, 154 N. E. 16, it was held that an affidavit for involuntary manslaughter must charge that the unlawful act was the proximate cause of the death of a human being.

"The second amended affidavit in the appeal at bar failed to charge that appellant 'then and there and thereby' drove his automobile against and caused the death of William Freischlad, nor did it in substance charge any unlawful act or omission was a proximate cause of a homicide. See *Turrell* v. *State* (1943), 221 Ind. 622, 666, 51 N. E. 2d 359."

For the reasons above stated count two of the affidavit was fatally defective in that it failed to allege the fact of proximate cause. We conclude therefore that the overruling of appellant's motion to quash count two of the affidavit constituted reversible error, and for this reason the judgment must be set aside as to the offense of involuntary manslaughter as charged in count two.

Next we consider appellant's contention that the court erroneously admitted evidence regarding the speed and manner of the operation of appellant's automobile or one similar thereto at a point 2½ miles from the scene of the fatal collision. Upon this question, Wigmore states: "It has already been seen that the prior or the subsequent existence of a quality or condition is evidential of its existence at a given time." 2 Wigmore, Evidence, §382 (3rd. ed. 1940). Among the conditions listed by Wigmore is the speed of an automobile. The evidence upon this issue, which was admitted over appellant's objection, is that a blue Cadillac convertible like that of appellant's, with its top down and four persons

riding in the front seat, was being driven in the city of Terre Haute at a speed of approximately 75 to 80 miles an hour about two and one-half miles from the place of the fatal collision; that police took chase of the car, during which time it ran several stop lights and traveled at a speed as high as 90 miles an hour, and that the police officers lost contact with the automobile; that at or about the same time other persons saw a car of the same description traveling upon the highway near the point where the police lost contact with it, until seconds before it crashed into a utility pole.

The automobile and its occupants involved in the fatal collision correspond with those above described. Appellant was seen to get out of the left side of the car and get back in under the steering wheel immediately after the collision. Afterward appellant admitted to police and newsmen that he owned the car and was driving it at high speed over the course above described, prior to and at the time of the collision. However, appellant objected to the admission of testimony regarding these statements made by him on the ground that the *corpus delicti* had not been proved independent of these admissions and therefore the admission of these statements in evidence was error.

Although there is no direct and positive testimony that the car, which was the subject of the above testimony, was, in fact, the appellant's, and that it was driven by him, all of the evidentiary facts which were in evidence combine to establish a logical inference which supports the ultimate facts that the car was the same and was being driven by appellant, since these ultimate facts are more logical and probable under the evidentiary facts submitted

than is true of the contrary. Therefore, it was proper to admit the above testimony over the objection of the defendant. Appellant's objection is not well taken for two reasons. First, as noted above, there was other evidence from which it might reasonably be inferred that appellant was the driver of the car, and, secondly, in order to establish the *corpus delicti* it was not necessary that it be established that appellant was the driver of the car. It was only necessary that it be proved that *someone* was driving it in a manner which constituted the crime. There was ample evidence of this fact.

> "Generally the term 'corpus delicti' means, when applied to any particular offense, that the specific crime charged has actually been committed by someone." 8 I. L. E. Criminal Law §266, p. 339. See also: *Brown* v. *State* (1958), 239 Ind. 184, 154 N. E. 2d 720.

Furthermore, appellant asserts that the court committed error in admitting testimony that he had been drinking intoxicating liquor before starting on this particular escapade and that his breath smelled strongly of intoxicating liquor after the collision, since these facts were not charged in the affidavit. The fact of intoxication is known to produce a general lessening of inhibitions. It may, therefore, evince a state of mind consistent with the recklessness alleged in the affidavit. Thus, it is material as going to the res gestae of the crime. 1 Wigmore, Evidence, §85 (1957 Supp.). We conclude that the evidence, to which appellant has made objection, was properly admitted.

Next we direct our attention to appellant's contention that the finding is not sustained by sufficient evidence. On the basis of the consideration we have heretofore given to the evidence, we conclude without

further discussion that it was sufficient to sustain the conviction under count one.

Finally, we consider appellant's contention that the court erred in sentencing appellant under both counts of the affidavit. Although we have heretofore stated that the judgment must be set aside as to count two, a consideration of the question above presented is material to the disposition of this case. The language of the statute which is applicable to this case is as follows:

> "With respect to the offenses of reckless homicide and involuntary manslaughter, a final judgment of conviction of one [1] of them shall be a bar to a prosecution for the other; or if they are joined in separate counts of the same indictment or affidavit, and if there is a conviction for both offenses, a penalty shall be imposed for one [1] offense only." Acts 1939, ch. 48, §53, p. 289 [§47-2002, Burns' 1952 Repl.].

It is argued by the state that, because of the fact that the sentence was suspended as to count one for reckless homicide, there was no penalty imposed by reason of that charge, and, therefore, there was no violation of the statute [§47-2002, *supra*] by reason of the conviction and sentence imposed on both counts. We do not concur with the state in this contention. A sentence, although suspended, places some limitation upon the conduct of the party involved and, to this extent, it is a penalty imposed. Even though appellant was serving a prison term under count two of the indictment and the sentence thus imposed was greater than the sentence under count one, which was suspended, nevertheless the suspended sentence was a matter of added penalty which was still being held over the appellant. He was in jeopardy because of the possibility of having the

suspension vacated and thus being required to serve the time specified by that sentence. And, if appellant were required to serve time under both sentences his opportunity of parole might be lessened by reason of that fact, since a person serving two sentences concurrently might reasonably be looked upon with less favor by the parole board than a person serving a single sentence. A penalty was imposed under the sentence even though the sentence was suspended.

Since a final judgment of conviction was entered against the appellant for the crime of reckless homicide, this judgment is, by statute, made a bar against future prosecution upon a charge of involuntary manslaughter growing out of the same circumstances. The statute provides:

"All proceedings under Section 52 [47-2001] of this act shall be subject to the following provisions:

"With respect to the offenses of reckless homicide and involuntary manslaughter, a final judgment of conviction of one [1] of them shall be a bar to a prosecution for the other; or if they are joined in separate counts of the same indictment or affidavit, and if there is a conviction for both offenses, a penalty shall be imposed for one [1] offense only." §47-2002, *supra*.

Therefore, under the decision of this court, the judgment of conviction for involuntary manslaughter must be set aside and the charge for that offense must be dismissed.

Furthermore, since the period of the suspended sentence imposed under count one [for reckless homicide] has expired, and appellant has been incarcerated for more than the period provided by §47-2001(a), Burns', *supra*, for that offense,

although under an erroneous conviction growing out of the same circumstances, he is now entitled to an order of discharge as to said charge for which he was properly convicted.[2]

Judgment is therefore reversed as to count two of the affidavit and the same is ordered dismissed, and the appellant is ordered discharged with respect to the sentence imposed upon him by reason of a judgment of conviction under count one. Also, a copy of this opinion is ordered delivered to the Warden of the Indiana State Prison at Michigan City, Indiana, to which institution appellant was ordered committed by the Vigo Circuit Court.

. Arterburn and Bobbitt, JJ., concur.

Jackson and Landis, JJ., concur in result.

NOTE.—Reported in 179 N. E. 2d 867.

---

2. "When the term of imprisonment has expired for which the defendant was sentenced and all other conditions of the judgment have been fully complied with, the court cannot imprison him upon a revocation of the suspension of his sentence and issue of an order of commitment. . . ." Ewbanks, Ind. Crim. Law, §471, p. 303 (1956 ed.). *Rode* v. *Baird, Sheriff* (1924), 196 Ind. 335, 144 N. E. 415; *Sutton* v. *State* (1924), 194 Ind. 479, 143 N. E. 353. See also: *Shideler* v. *Vrljich* (1925), 195 Ind. 563, 145 N. E. 881.