LONALD B. SELLS *v.* STATE OF INDIANA.

[No. 1-1174A171. Filed September 16, 1975]

*Thomas Cockerill,* Winchester, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

PER CURIAM—Lonald Sells (Sells) appeals from his conviction of involuntary manslaughter.[1] He argues on appeal that evidence was improperly admitted and that the evidence was insufficient to support the verdict.

We affirm.

James Webster (Webster) is a resident of Ridgeville, Indiana, a town in northern Randolph County. On the night of July 21, 1973 he and his wife visited Portland, Indiana, in neighboring Jay County. They began home around 2:00 o'clock A.M. on the morning of July 22, 1973. Going south on United States Route 27 (U.S. 27), they approached Randolph County Road 900 North (900 North), a perpendicularly intersecting two lane road. Since 1963 there has been a stop sign on the southeast corner of the intersection directing all westbound traffic to stop before crossing U.S. 27. As Webster came upon the intersection from the north, he observed the lights of Sells' vehicle on 900 North approaching U.S. 27 from the west. When he got closer to the intersection he realized the other vehicle was not going to stop. He applied his brakes but could not avoid a collision. He testified that after the collision . . .

> "the lights went out on the cars. Of course, there was an impact and the cars stopped. When they stopped, I tried to get out, and I couldn't get out either door and tried to revive my wife and I couldn't do this either. So, I climbed over the back seat and got out the back door, walked up on the road. It just seemed like there was nobody nowhere. And finally a car approached from the south, I stopped him and asked him if he would go and call the police.
>
> Q. What was the condition of your wife at that time?
> A. She was unconscious. I come back down, opened the door on her side, picked her up in my arms, she just laid there and died."

Gerald Plessinger and Dennis Heniscey (Heniscey) were reserve Deputy Sheriffs in the Randolph County Sheriff's de-

---

1. IC 1971, 35-13-4-2, Ind. Ann. Stat. § 10-3405 (Burns Supp. 1974).

partment. Heniscey also worked for the Middleton Mortuary for whom he was doing ambulance runs on the night in question. They both arrived on the scene of the accident. Both testified that there were broken beer bottles littering the back seat of Sell's vehicle and that there was a strong odor of alcohol. Heniscey further testified that he was the attendant in the ambulance that carried Sells to the Hospital and that he could smell alcohol on Sell's breath.

It was alleged by information that Sells . . .

"did then and there unlawfully and feloniously but involuntarily, without intent, kill one Ella Louise Webster, by then and there unlawfully operate a motor vehicle, to-wit: a 1963 Plymouth automobile, along and upon a certain public highway, to-wit: Randolph County Road 900 N at the intersection of United States Highway Number 27, at which intersection a stop sign bearing the word "Stop" in letters at least eight (8) inches in height was erected as near as practicable at the property line of the said United States Highway Number 27 and the entrance of the said County Road 900 N thereto, at which intersection a stop must be made, the said Lonald B. Sells not having been directed to proceed by a police officer or traffic control signal, the said intersection, did then and there unlawfully and feloniously drive and propel said 1963 Plymouth automobile into and against one Ella Louise Webster, who was then and there a passenger in a motor vehicle being driven and operated upon said United States Highway Number 27, then and there and thereby unlawfully and feloniously, but involuntarily, inflicting mortal wounds and injuries in and upon and about the body and person of the said Ella Louise Webster, of which mortal wounds and injuries the said Ella Louise Webster then and there died on the 22nd day of July, 1973."

Sells argues first that testimony concerning his consumption of alcohol should not have been admitted into evidence. He reasons that since he was not charged with the crime of operating a vehicle under the influence of alcohol there should have been no evidence concerning alcohol before the jury. Sells overlooks *Patton* v. *State* (1962), 242 Ind. 477, 179 N.E.2d 867. There under similar circumstances such evidence was admitted.

"The fact of intoxication is known to produce a general lessening of inhibitions. It may, therefore, evince a state of mind consistent with the recklessness alleged in the affidavit. Thus, it is material as going to the res gestae of the crime. 1 Wigmore, Evidence, § 85 (1957 Supp.) We conclude that the evidence, to which appellant has made objection, was properly admitted." 179 N.E.2d, at 872.

We see no reason to alter this rule.

Sells also attacks the sufficiency of the evidence. The thrust of his argument is that, due to inclement weather and obstructed road signs, he is without blame. However there was testimony adduced at trial contradictory to this argument. In effect Sells asks us to reweigh the evidence. This we cannot do. *Linnemeier* v. *State* (1975), 165 Ind. App. 31, 330 N.E.2d 373; *Lynch* v. *State* (1975), 163 Ind. App. 360, 323 N.E.2d 661.

The judgment of the trial court is, therefore, affirmed.

NOTE.—Reported at 333 N.E.2d 916.